STATE *v.* HENRY BRUNER.

Where two persons are jointly indicted, and one of the parties submits, and judgment is suspended, he is still a defendant within the meaning of the act of 1870–'71, and is therefore incompetent to testify for or against his co-defendant.

*State* v. *Scipio Smith*, 2 Ire. 402, cited and approved.

Larceny, tried before *Buxton, J.*, at Spring Term, 1871, of ANSON Superior Court. The State offered to introduce as a witness one David Dunlap, a co-defendant, who had entered his submission at a previous Term of the Court. The submission had been received by the Court, and the judgment thereon suspended.

His Honor admitted the testimony, to which defendant excepted. Verdict guilty. Rule, &c. Judgment and appeal.

*Ashe,* for the appellant.
*Attorney General, contra.*

BOYDEN, J.  It is well settled, that previous to the act of 1866, changing the common law, and making interested and infamous persons, as well as parties, competent witnesses, one defendant in an indictment could not be a witness for or against his co-defendant, until finally discharged, even where they had severed in their trials.  *State* v. *Scipio Smith,* 2 Ire. 402.

The act of 1870–'71, expressly declares that parties defendants, shall not be witnesses for, or against each other, and thus restores the common law.

In this case the witness, whose testimony was admitted on the part of the State, was charged in the same indictment with the party on trial, but his submission had been entered at a previous term, and judgment suspended.  This raises the question whether the witness continued to be a defendant within the meaning of the act of 1870–'71.

We think he did.  He had not been finally discharged, and might still be brought into Court, and punished as a defendant in that indictment.

There is error.

PER CURIAM.                              *Venire de novo.*