THE STATE v. GEORGE QUEEN.

Where two are jointly indicted for a forcible trespass, and one of the defendants submits upon whom no judgment is pronounced, it is incompetent to introduce the record of his submission in a trial against his co-defendant, as evidence confirmatory of the testimony of the prosecutrix.

*State* v. *Bruner*, 65 N. C., *post* cited and approved.

Indictment for a forcible trespass tried before *Logan, J.*, at Spring Term, 1871, of CLEAVELAND Superior Court.

The defendant and one Newton were jointly indicted, and at a former term of the Court, the latter came into Court, and submitted.

STATE v. QUEEN.

The Solicitor for the State, with the view of confirming the testimony of the prosecutrix whose evidence had been impeached, introduced the record of the submission of Newton upon whom no judgment had been prayed, but was discharged upon payment of cost, to which defendant excepted. Verdict guilty. Judgment and appeal.

*Attorney General* for the State.
*Bragg & Strong* and *Young* for the defendant.

BOYDEN, J. If the defendant, Newton, the record of whose submission was admitted, had been present at the trial he would not have been a competent witness, for or against his co-defendant. Vide Bruner's case at this term, ante. How then can this record between other parties made in the absence of the defendant be evidence for any purpose?

It is admitted by the Attorney General, that the record is not competent evidence tending to establish the guilt of the defendant; but it is urged that it is still evidence tending to corroborate the testimony of the witness attempted to be impeached.

The Court is wholly unable to perceive this tendency, and the Attorney General, in his argument, failed to explain in what manner the record could tend to corroborate the impeached witness. The admission of the record for the purpose alleged, would be establishing a principle to the competency of evidence heretofore unheard of.

There was error.