### TUGGLE *et al.* *v.* THE STATE.

LITTLE, J.   1. The exceptions assigning as error the failure of the trial judge to give in charge to the jury certain recited principles of law, which it was claimed were material and applicable to the evidence in the case, can not be sustained.   The general charge sufficiently dealt with the principles of law specified, in the absence of a request for more specific instructions.

2. The evidence fully warranted the verdict as to both of the defendants, and the trial judge committed no error in overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concurring.*

Argued April 15, —Decided April 24, 1901.

Indictment for murder.    Before Judge Russell.   Walton superior court.    March 23, 1901.

Roach and Ike Tuggle were indicted for the murder of Oscar Thompson, alias Bud Selman, by shooting him with a double-barrelled shotgun.    It appears that the fatal shot was fired by Ike Tuggle, Roach Tuggle being present; and there was evidence to the effect that both the Tuggles were acting in concert in pursuance of a previously formed design to kill the deceased in revenge for maltreatment by him of Roach Tuggle.    The jury found both defendants guilty, with a recommendation of life imprisonment for Roach Tuggle.    They moved for a new trial, upon the general grounds and the following:   (1) The court erred in omitting to tell the jury, anywhere in his charge, that before Roach Tuggle could be convicted as principal in the second degree, it must be shown by the

evidence that he conspired with Ike Tuggle, the principal, to kill the deceased, and in pursuance of such common intent, he not only aided and abetted Ike in unlawful assault upon the deceased, but continued to aid and abet in such unlawful assault until the fatal shot was fired. (2) The court erred in failing to charge the jury this principle, to wit: Even though the evidence showed a common intent between and on the part of Ike and Roach Tuggle to kill the deceased, still if Roach did nothing on his part to carry out and consummate such intent, then he would not be guilty as principal in the second degree. (3) The court erred in this: Nowhere in his charge to the jury were they told that even though Ike had the intent to kill, that Roach at first shared in that intent, and having such common intent an unlawful assault was made by them upon the deceased; still if Roach repented and did not entertain it at the time the fatal shot was fired, he was not guilty in second degree of murder. The court certified that no request to charge the identical language, or the principles therein, as embodied in the second and third grounds before stated, was made, but that in several parts of the charge the jury were told that before Roach Tuggle could be convicted the proof must show that at the time of the fatal shot he was doing some act in furtherance of the killing, and that this act was done with intent to kill.

*Foster & Butler* and *T. J. Galloway*, for plaintiffs in error.

*J. M. Terrell, attorney-general*, and *C. H. Brand, solicitor-general*, contra.