A. J. LUCAS AND W. J. LEWIS v. NORFOLK SOUTHERN
RAILWAY COMPANY ET AL.

(Filed 11 March, 1914.)

1. Carriers of Goods—Unsuitable Cars—Connecting Carriers—Negligence.

A carrier should use cars suitable for the transportation of goods delivered to it, and its failure to do so will subject it to liability for the damages the goods sustain in consequence; and the connecting carrier will also be liable for the damages to the goods thus caused while they are being transported over its own line.

2. Same—Trials—Nonsuit—Appeal and Error—Harmless Error.

A carrier furnished an unsuitable car for the shipment of merchandise, and the connecting carrier received this car with its contents and forwarded it to its destination, where, upon delivery the goods were found by the consignee to be in bad condition. In an action to recover for the damage alleged thus negligently to have been caused to the shipment, it is held that a judgment as of nonsuit upon the evidence rendered in favor of the delivering carrier is only to the prejudice of the plaintiff, and if erroneous was harmless as to the initial carrier appealing therefrom.

3. Carriers of Goods — Unsuitable Cars — Trials—Negligence—Evidence.

Where a consignor makes a shipment of potatoes to his own order, which arrives at destination in a bad or damaged condition, and there is evidence that the carrier loaded them in an unventilated car, recently used for transporting fertilizer, with some of the fertilizer remaining therein, and testimony by witnesses qualified to speak from their own experience and observation that potatoes so shipped would rot or spoil in the time required for their transportation, it is sufficient to be submitted to the jury upon the question of the liability of the defendant for the damages caused by its negligent use of an unsuitable car.

4. Appeal and Error—Joint Defendants—Evidence as to One—Trials —Instructions.

Where in an action against two defendants evidence is properly admitted as to one of them, objected to by the other, and the jury properly instructed as to which defendant it should be considered, it will be presumed on appeal that the jury had sufficient intelligence and honesty to understand and apply the instruction, and no error will be found.

5. Trials—Instructions—Contentions—Appeal and Error.

Where a part of a charge of the court to the jury, excepted to, does not purport to be a statement of the law, but only the contentions of the adversary party, it will not be held for error on appeal.

APPEAL by defendant from *Daniels, J.,* at January Term, 1914, of CRAVEN.

This is an action to recover damages for injury to a shipment of potatoes from New Bern, N. C., to Atlanta, Ga., under a bill of lading to the order of the plaintiff.

Evidence was introduced tending to prove that the potatoes were delivered in good condition to the defendant Norfolk Southern Railroad Company at New Bern on 10 April, 1912; that said defendant selected the car in which the potatoes were shipped; that the shipment was transported promptly by said defendant, and delivered to the defendant the Southern Railway Company, a connecting carrier, at Goldsboro, in apparent good condition, and was so receipted for by said Southern Railway Company; that the Southern Railway Company promptly transported the shipment from Goldsboro to Atlanta; that the

car was sealed when it left New Bern and the seal was unbroken when it reached Atlanta; that the potatoes were in a decayed condition when they reached Atlanta; that this decayed condition was because the car in which the shipment was made was unsuitable, in that it had been used for carrying fertilizer, and the ventilators were closed. There was also evidence to the contrary.

During the trial the court admitted in evidence a letter written by an agent of the Southern Railway Company, and the Norfolk Southern Railroad Company excepted.

The court instructed the jury at the time the letter was introduced that it could not be considered against the Norfolk Southern Railroad Company, and at the conclusion of the evidence repeated the instruction, and withdrew this evidence from the jury.

When the evidence was closed the court sustained the motion of the Southern Railway for judgment of nonsuit, and the Norfolk Southern Railroad Company excepted.

The defendant the Norfolk Southern Railroad Company moved for judgment of nonsuit, which was denied, and it excepted.

His Honor charged the jury, among other things:

"1. Now, the allegation of negligence made by the plaintiffs in this case is that they delivered this shipment to the defendant Norfolk Southern Railroad, to be sent by it to Atlanta, Ga., and that the defendant owed them the duty of exercising ordinary care to provide a suitable car in a suitable condition to carry the goods of this sort with reasonable safety to the shipment from the point at which they were delivered to the defendant to their destination, and that the defendant failed in that duty in that it furnished a car in which some fertilizer had been shipped previously and in which some fertilizer still remained, and that this car was not ventilated; that the vents were all closed, and that by reason of this negligence, this condition of the car, the potatoes were injured and arrived at the destination in bad condition." The defendant excepted.

"2. The plaintiff relies upon the testimony you have heard read from some depositions; the agent of the consignee was one who testified that the morning after the arrival of the shipment at Atlanta he went in the car and examined the potatoes, and found them in such bad condition that he refused to take them; thereupon the Southern Railway Company disposed of them. Then the testimony of another witness to the effect that he noticed in the car remains of some fertilizer in the bottom of the car; and the testimony of another witness that when the car arrived in Atlanta the vents were all closed." The defendant excepted.

The only question submitted to the jury was whether the defendant furnished a suitable car, and, if it failed to do so, was this the real cause of the injury?

There was a verdict and judgment in favor of the plaintiff, and the Norfolk Southern Railroad Company appealed.

*R. A. Nunn for plaintiff.*
*Moore & Dunn for defendant.*

ALLEN, J., after stating the case: It is the duty of the initial carrier to furnish cars suitable for the transportation of goods delivered to it, and if it fails to perform this duty, it will be liable for any subsequent damage arising from the defective condition of the car, although such damage develops on the line of a connecting carrier. Hutchison on Carriers, vol. 2, sec. 499; *Forrester v. R. R.,* 147 N. C., 554.

When the connecting carrier accepts the shipment, it adopts the car or vehicle provided by the initial carrier, and is responsible for any damages caused by its unfitness for the carriage of the goods. Hutchison on Carriers, vol. 2, sec. 501; *Wallingford v. R. R.,* 26 S. C., 258; *Shea v. R. R.,* 66 Minn., 102; *St. Louis R. R. v. Carlisle,* 78 S. W. R., 553.

If, therefore, there is any evidence that the car was unsuitable at the time it was furnished by the initial carrier, and that it remained so, both the initial and the connecting carrier would be liable to the plaintiff, and the motion for judgment of nonsuit ought to have been denied as to both, and we think there is such evidence.

The car was sealed at New Bern, and the seals had not been broken when it reached Atlanta. The vents were closed at Atlanta, according to the evidence of one witness, and no witness for the defendant testified that the vents were open when the car left New Bern. They do say the car was in good condition, and then admit that they do not remember this car.

A witness for the plaintiff testified: "The signs in the car indicated that it had been loaded with acid or fertilizer; the odor indicated this also. I don't remember whether or not the car had vents. I have been a dealer in potatoes five years. From my observation and experience the effect on sweet potatoes being shut up in a car without ventilation, in which there were remains of a shipment of fertilizers, would be that the potatoes would heat and rot very quickly. They would deteriorate more quickly than if the car had been clean and well ventilated."

Another witness testified: "The first time I saw the car it was on Madison Avenue team track; the seals were intact, the vents were closed; there was no odor that I could detect with the vents and doors closed. After the vents were opened and they went into the car, there was some odor," and one of the plaintiffs, that "the effect upon a car-load of potatoes, if put in a car that had been previously loaded with fertilizer with the openings and vents shut up tight and shipped across the country from New Bern to Atlanta, would be to ruin them entirely. They would be no good. A No. 1 hog would not eat them."

It follows necessarily, as there is evidence that the car was unsuitable, that the motion for judgment of nonsuit ought to have been denied as to both defendants, but the error in allowing it as to the Southern Railway Company is prejudicial to the plaintiffs, who do not appeal, and not to the codefendant.

If the liability of the Norfolk Southern Railroad Company was secondary, there would be ground for its complaint, but if liable at all, it is because it furnished an unsuitable car, sealed it, and delivered it in apparent good condition to the Southern Railway Company, and its act was the primary and originating cause of the injury. *Gregg v. Wilmington,* 155 N. C., 22.

The letter, which was objected to by the defendant, was only admitted against the Southern Railway Company, and his Honor was careful to instruct the jury twice that they should not consider it against the present defendant, and withdrew it from the jury.

We must assume that the jury were sufficiently intelligent to understand the instruction and honest enough to follow it. *Cooper v. R. R.,* 163 N. C., 150.

The exceptions to the charge cannot be sustained. The first part of the charge excepted to does not purport to be a statement of the law, but of the allegations of the plaintiff; but if treated as determining the ground of liability, it is supported by the authorities before referred to.

The defendant, in its brief, does not complain that the evidence was not correctly recited in the second part of the charge excepted to, and we see nothing in it that would justify a reversal of the judgment.