## COLLEY *v.* THE STATE.

1. Where during the trial of one charged with crime the court, with the consent of counsel for the accused and for the State, and of the defendant himself, permitted the jury to leave the county where the case was pending, to stop at a hotel in an adjoining county, go to a theatrical performance, and ride around the city in automobiles furnished by one or two members of the jury, the defendant will be held to have waived whatever right he had to object to the jury's so doing.
2. Where, on the trial of one charged with rape, the judge instructed the jury that in case they found the defendant guilty they might recommend him to the mercy of the court, in which event he would be punished from one to twenty years in the penitentiary, the period to be fixed by the jury, and that the jury might, if they saw proper, recommend that the defendant be punished as for a misdemeanor; and where a juror asked

---

Criminal Law, 16 C. J. p. 544, n. 53; p. 547, n. 22; p. 1026, n. 9; p. 1073, n. 61, 65, 69; p. 1096, n. 51; p. 1180, n. 74; 17 C. J. p. 87, n. 43, 46. Rape, 33 Cyc. p. 1486, n. 12.

the court what the punishment would be for one convicted of a misde-meanor, it was not error for the court to state to the jury the penalty provided by the code for a misdemeanor.

3. Where the victim of the alleged rape testified on the trial that she pointed out the place where it was committed, and another witness for the State, who had surveyed the line between Fulton and DeKalb Counties and was present when the victim pointed out the spot, testified that that spot was in DeKalb County, where the case was tried, this evidence was admissible, and was sufficient to prove the venue in DeKalb County.

4. Grounds of a motion for new trial which are expressly disapproved by the trial judge will not be considered by the Supreme Court.

5. The evidence authorized the verdict, and the judge did not err in re-fusing a new trial.

No. 5698. APRIL 14, 1927. REHEARING DENIED MAY 7, 1927.

Rape. Before Judge Hutcheson. DeKalb superior court. September 11, 1926.

*Branch & Howard, Chambers & Dickey, H. W. Chambers,* and *B. H. Burgess,* for plaintiff in error.

*George M. Napier, attorney-general, Claude C. Smith, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HILL, J. W. F. Colley was indicted for the offense of rape alleged to have been committed upon a female eleven years of age. The jury found him guilty, with a recommendation to mercy, and fixed his punishment at from five to fifteen years in the penitentiary; and he was sentenced accordingly. His motion for a new trial was overruled, and he excepted.

1. Ground one of the amendment to the motion for new trial complains that the court erred in permitting the jury while trying the case to leave the County of DeKalb where the case was pending, go into an adjoining county, stop at a hotel in the City of Atlanta, go to a theater performance, and ride around the city in automobiles furnished by one or two members of the jury. The ground contains this allegation: "It is true that the court submitted to the defendant and movant, and his counsel, the question of whether or not they would consent for these auto rides, for this going out of the county for a visit to the theater, etc., and movant and his counsel had either to give offense to the members of the jury, by refusing the request the jurors made, or else consent, and they consented, although they say they did not consent of their own free will, but that the presence of the jurors while the request was made compelled them to consent." Movant says that the error committed by the court consisted in his allowing

these requests to go to the counsel in the case; that it was the duty of the court to decline such requests without submitting them to the counsel for defendant; and that the action on the part of the court was to force the defendant to consent "to a legally improper action." In a note the court says: "The first ground of the amended motion for new trial is approved only as to the fact that the jury did leave the County of DeKalb, spend the night pending the trial in Fulton County at a hotel, ride in an automobile, and go to a picture-show in Atlanta, this with the consent of the court. There was no hotel in Decatur, and one of the jurors asked if the jury could take an automobile ride, go to a picture-show and spend the night in an Atlanta hotel. The court, out of the presence of the jury, submitted this request to counsel for both sides; and defendant's attorneys, one and all, first stated to the court that they had no objection, that it would be more comfortable for the jury and would be the proper thing for the court to permit the jury to do. The solicitor-general then stated he had no objection; and the defendant stated he had no objection. It was after this conference where the opinion of all counsel in the case was unanimous, and to which the defendant himself agreed, this agreement having been entered into outside of the hearing and presence of the jury, that the court told the jury it was the unanimous consent of both sides that they could take a ride, see a show, and spend the night in Atlanta. Two court bailiffs were instructed to attend the jury; and the jury was given the usual instructions as to staying together, not to talk about the case among themselves, nor to any one, nor let any one talk about the case to them, or in their hearing. In the making of this agreement there was no coercion, no force, and such consent was within the exercise of free wills. This allegation of error is not in keeping with the facts, and is an unjust criticism of the court." In view of this note by the presiding judge the defendant will be held to have waived whatever right he may have had to object to the jury leaving the county, etc., where the trial was being had. *Swain* v. *State,* 162 *Ga.* 777 (6), 783 (135 S. E. 187).

2. Special ground 2 of the motion complains that the court erred in recharging the jury at its request, at a late hour at night, after he had first given them in charge the law relative to punish-

.ment for the various grades of offense involved in the case under the indictment and the evidence: "He told the jury that they could find the defendant guilty of a misdemeanor, and in that event the court would fix the punishment under the law. He then went on to tell them the various grades of felony with the punishment to each, where the jury had the right to fix the same. One of the jurors asked the court what the punishment for a misdemeanor was. The court thereupon opened the code and read the general section fixing the punishment for a misdemeanor, and when he had read about half the section he paused, looked at counsel for movant, and said, 'Do you consent for me to give the jury the information?' To this question counsel for defendant replied, 'Since the court has given the jury part of the law, it will probably be better to finish it now.'" It is contended that the court erred in giving the jury the law as to the punishment for a misdemeanor; that the jury had nothing to do with the fixing of the penalty in the event a verdict for a misdemeanor was returned, or a recommendation was made; that the jury had it in its power, and the court rightly so informed them, to fix a punishment of anywhere from one year's labor in the penitentiary to electrocution; that if the jury did not want to fix the punishment it had the right to fix, then it could leave the punishment where the law placed it—on the court. It is insisted that the court's error was, first, in giving this section of the code in charge at all; second, in giving it partly in charge before asking consent of counsel; and third, in stopping in the midst of his statement to make inquiry of counsel as to their attitude in the matter. These contentions are without merit. The court had properly instructed the jury, among other things, that they might, if they saw proper to do so, recommend that the defendant be punished as for a misdemeanor; and therefore we do not see how it was error for the court to instruct the jury as to what the punishment is for one who is found guilty of a misdemeanor.

3. Other headnotes require no elaboration.

4. The verdict was authorized by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*