### 20393.  CRAWFORD *v.* THE STATE.

BROYLES, C. J.  1. There is no merit in the grounds of the amendment to the motion for a new trial.  Especially is this true in view of the note of the trial judge qualifying his approval of those grounds.  Moreover, if the actions and statement of the court, during the trial of the case and in the presence of the jury, were prejudicial to the accused, in order for this court to pass upon the question a timely motion for a mistrial must have been made and overruled, which was not done.

2. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*
>
> DECIDED APRIL 16, 1930.

*Carl H. Griffin,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

### 20395.  CADE *v.* THE STATE.

BLOODWORTH, J.  1. When read in the light of the entire charge the court did not err in instructing the jury that "Alibi, as a defense, should be established to the reasonable satisfaction of the jury, and not beyond a reasonable doubt," nor in charging them that "the law being that before you can convict you must believe the defendant guilty beyond a reasonable doubt."

2. Where a person is on trial for a felony, and in his charge the judge instructs the jury that in the event they should find the defendant guilty they could go further and add to their verdict, "and we recommend that he be punished for a misdemeanor," it was not error for the court to fail to "tell the jury what the punishment for a misdemeanor would be, or should be."  See *Colley* v. *State,* 164 *Ga.* 88, 91 (138 S. E. 65).

3. There was ample evidence to support the verdict.

> *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*
>
> DECIDED APRIL 16, 1930.

*Hugh E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.