TRUSSELL *v.* THE STATE.

No. 10945. NOVEMBER 14, 1935.

*Louis H. Mitchell* and *James R. Morphis,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. J. Perryman, solicitor-general, B. D. Murphy,* and *George L. Goode,* contra.

BELL, Justice. 1. A witness for the State was permitted to testify: "I asked him [the defendant] to come up there and stay . . at the house and help me; and I told him, 'If you will help me sell some whisky, if I have any money I will pay you.'" The defendant objected to this evidence on the ground that it put his character in issue, and was immaterial and prejudicial. In his statement the defendant told the jury that he was employed by the witness "for the purpose of selling whisky there at her house" at the time in question. In the circumstances, the admission of the evidence was not cause for a new trial. *McCoy* v. *State,* 124 *Ga.* 218 (3) (52 S. E. 434); *Thomas* v. *State,* 144 *Ga.* 298 (4) (87 S. E. 8).

2. It is complained that the court erred in admitting two alleged pay envelopes found near the body of the deceased after he was killed, but it does not appear what objection was made to the introduction of this evidence. Accordingly, no error is shown. *Henslee* v. *Harper,* 148 *Ga.* 621 (97 S. E. 667); *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (102 S. E. 425).

3. On cross-examination the solicitor-general asked the father of a joint defendant if he (the father) was not interested in his son, and if his son had not been tried and convicted in the case. The witness answered in the affirmative. The defendant objected to the question and answer as to the conviction of the son, the joint defendant; and the court sustained the objection. After the introduction of additional testimony the defendant moved for a mistrial because of the question and answer as to such conviction; whereupon the court instructed the jury not to consider the evidence thus elicited, and then overruled the motion to declare a mistrial. Whether or not the question and answer were legitimate, the defendant, having made an election to have the same excluded and having obtained a ruling to that effect, could not thereafter demand that a mistrial be declared. *Patlon* v. *State,* 117 *Ga.* 230 (10) (43 S. E. 533); *Rawlins* v. *State,* 124 *Ga.* 31 (17) (52 S. E. 1).

4. During the cross-examination of a witness for the State the judge stated to the attorney for the defendant: "Stand still and ask the question, you probably make the witness nervous by walking around." The defendant took no exception to this occurrence at the time, and complained of it for the first time in

his motion for new trial. He could not abide the chance of a favorable verdict, and, "after the return of an adverse verdict, have that verdict set aside" because of such remark by the judge. *Moore* v. *McAfee,* 151 *Ga.* 270 (11) (106 S. E. 274); *Barnett* v. *Strain,* 151 *Ga.* 553 (5) (107 S. E. 530); *Kay* v. *Benson,* 152 *Ga.* 185 (108 S. E. 779); *Tanner* v. *State,* 163 *Ga.* 121 (9) (135 S. E. 917); *Herndon* v. *State,* 178 *Ga.* 832 (6), 850 (174 S. E. 597); *Mitchell* v. *State,* 180 *Ga.* 572 (2) (179 S. E. 706).

5. The attorney for the defendant made the following motion: "We move that the jury be carried to the scene, because there are certain facts that can't be explained by witnesses, and one of those is that they can test for themselves whether or not that conversation can be heard from the room to the alleyway where [a named witness] says it was; and there are spots of blood on these walls now, that we would like for them to see." The court permitted the jury to say whether they would care to visit the scene, and, after they had decided to do so, instructed them as follows: "Now, gentlemen, you will go in company with the sheriff, and not a question shall be asked nor any discussion. Mr. Sheriff, take the jury to the premises; let them look at the premises; not a question to be asked by anybody. Counsel will not go, but they will go in your charge and whatever deputy you select to go with them. Mr. Sheriff, if anybody undertakes to make a remark, you warn them in advance; and if they undertake to do it, bring them down here before me." In the motion for new trial it is complained: (1) that the court erred in permitting the jury to visit the scene of the alleged homicide without being accompanied by the judge; and (2) that the trial was vitiated because one of the jurors "stepped and measured certain distances around and about said scene, which said distances were material as evidence in this case," and that these measurements were taken in the presence of the other members of the jury and in the absence of the defendant, his attorneys, and the presiding judge. All that happened was in accordance with the defendant's request; and therefore the alleged irregularities did not constitute ground for new trial. *Hughes* v. *State,* 159 *Ga.* 818 (4) (127 S. E. 109); *Swain* v. *State,* 162 *Ga.* 777 (6) (135 S. E. 187); *Colley* v. *State,* 164 *Ga.* 88 (138 S. E. 65); *Morris* v. *State,* 177 *Ga.* 365 (5) (170 S. E. 217).

6. In view of the ruling last stated, the court did not err in omitting, without request, to instruct the jury that knowledge gained by them in viewing the premises was not evidence and could be considered by them only for the purpose of aiding them in understanding and weighing the evidence as adduced on the trial.

7. It is complained that the court erred in refusing to permit the attorneys for the defendant to interview witnesses for the State who at the time of the request were incarcerated to insure their presence at the trial. This request was made and refused before the trial, and it does not appear that the attention of the court was in any manner called to the same during the trial. The ruling of the judge on such preliminary matter could not properly be asserted as ground of a motion for new trial relating to the main and final issue as made by the indictment and the plea of not guilty. Under the record, no question of error in such preliminary ruling is presented for decision. *Herndon* v. *State,* 178 *Ga.* 832 (174 S. E. 597).

8. The court charged the jury: "When witnesses appear and testify, they are presumed to speak the truth, and are to be believed by the jury unless impeached in some manner provided by law, or otherwise discredited in your judgment." This charge was not erroneous on the ground that the court failed, in the same connection or in the charge as a whole, to instruct the jury that the credibility of witnesses was a question solely and exclusively for the jury (*Peeples* v. *Rudulph,* 153 *Ga.* 17 (2), 111 S. E. 548) ; or on the ground that the instruction was confusing, misleading, and unsound as an abstract principle of law.

9. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*