The defendant was charged with embezzlement in two cases. Separate bills of indictment were found against him. One bill charged him with embezzling property of the State of North Carolina while an officer and *Page 292 
agent of the State and cashier in the North Carolina Department of Revenue. In another bill he was charged as such officer, agent and cashier with aiding and abetting one C. W. Sneed, another officer and employee of the State, in embezzling property of the State. C. S., 4268; C. S., 4269.
By consent the cases were consolidated and tried together. There was verdict of "Guilty as charged in said bills of indictment." From judgment imposing sentence of not less than one nor more than three years in State's Prison, the defendant appealed.
The defendant bases his appeal from the judgment below principally upon three grounds: 1. He assigns error in the ruling of the court in permitting C. W. Sneed to testify as a witness against him. According to the record Sneed had entered a plea of guilty to an indictment for embezzlement at a previous term of court, but had not been sentenced. The defendant cites S.v. Bruner, 65 N.C. 499, and S. v. Owen, 65 N.C. 464, in support of his position that Sneed was not a competent witness against him. The common law disqualification of a defendant in a criminal action from testifying in his own behalf, because of his interest, was removed by ch. 43, Public Laws 1866. Thereafter, by ch. 177, Public Laws 1869-1870, it was provided that codefendants in the same indictment could not testify for or against each other. While this last statute was in force the decisions cited were rendered. However, at the next session of the General Assembly the Act of 18691870 was expressly repealed and the former statute re-enacted. Ch. 4, Public Laws 1871-1872. So that at the time of the trial of this case there was no statute or rule of evidence that would require the exclusion of the testimony of Sneed, if in other respects competent. S. v. Smith,86 N.C. 705; S. v. Medley, 178 N.C. 710, 100 S.E. 591; S. v. Bittings,206 N.C. 798, 175 S.E. 299; S. v. Perry, 210 N.C. 796, 188 S.E. 637; C.S., 1792.
2. The defendant assigns error in the denial of his motion for judgment as of nonsuit, but an examination of the record leads to the conclusion that there was no error in the ruling of the court in this respect. There was evidence tending to show fraudulent misapplication of the property of the State as charged in the bills of indictment.
Evidence of intention or expectation, subsequently, to return the money, or that the money so fraudulently misapplied was after discovery repaid, or that the defendant secured no personal benefit, would not *Page 293 
necessarily exculpate the defendant, or compel his acquittal. S. v. Foust,114 N.C. 842, 19 S.E. 275; S. v. Summers, 141 N.C. 841,53 S.E. 856; S. v. Lancaster, 202 N.C. 204, 162 S.E. 367; S. v. McLean,209 N.C. 38, 182 S.E. 700. The fraudulent intent which constitutes a necessary element of the crime of embezzlement, within the meaning of the embezzlement statutes, is the intent to embezzle or otherwise willfully and corruptly use or misapply the property of the principal or employer for purposes other than those for which the property is held. S. v. McDonald,133 N.C. 680, 45 S.E. 582; S. v. Lancaster, supra; S. v. McLean, supra. There was evidence sufficient to support the verdict and judgment.
3. The defendant excepted to the following portions of the judge's charge to the jury: "There has been quite a bit said in the argument here as to punishment. The Court charges you that the punishment is no concern to you. That is the Court's province and not the jury's. And you should not consider any argument in regard to punishment bearing upon the question of guilt or innocence of the defendant. You find the true facts from the evidence and apply such facts as found by you from the evidence to the law and thereby make up your verdict. Since there has been said something in the argument concerning the punishment, the Court will read you another section in regard to punishment, not that you shall consider punishment in any way in this case. You shall not. `Suspension of sentence and probation. After conviction or plea of guilty or nolo contendere for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction may suspend the imposition or the execution of a sentence and place the defendant on probation or may also fine and also place the defendant on probation.' I read that statute to you because there has been so much said in the case about punishment, but you will not consider punishment in arriving at your verdict in this case, and the Court so charges you."
From an examination of the record it appears that before giving the instructions complained of, the trial judge in his general charge had read to the jury one of the bills of indictment on which the defendant was being tried, and the statute, C. S., 4269, under which it was drawn. This statute prescribed a minimum sentence, upon conviction, of 20 years in prison, or $10,000 fine, or both. It appears that counsel for the defendant in their arguments to the jury had previously commented on the severity of the minimum punishment prescribed by this statute, and that the judge's reference to a general statute relating to punishment was evoked by the comments of counsel. The jury was carefully cautioned that matters of punishment were not to be considered by them in any way as bearing on the question of the guilt or innocence of the *Page 294 
defendant. Furthermore, it appears that the defendant was being tried on two bills of indictment, one charging violation of C. S., 4269, and the other drawn under C. S., 4268, which was also read to the jury. The punishment prescribed for violation of the latter statute is not less than four months and not more than ten years in prison. While the comments of counsel and the reference of the judge thereto were directed to the penal provisions of section 4269, the jury returned verdict of guilty as charged in both bills, and a single sentence was imposed — not less than one year nor more than three years in prison. Thus, it seems that the verdict rendered and the sentence imposed properly may be regarded as bottomed upon a different statute from that first read to the jury, and referred to in the portion of the charge excepted to, and without necessary relation thereto.
The exact question presented by this exception has not heretofore been decided by this Court. It has been held improper for the judge to convey to the jury the implication that a verdict of guilty would not require the imposition of the statutory penalty. In S. v. Matthews, 191 N.C. 378,131 S.E. 743, the statement by the judge to the jury in a capital felony, after they had been out several hours, in response to inquiry, that they might return verdict of guilty of murder in the first degree with recommendation of mercy, was held to be error because calculated to induce the impression that the return of such a verdict would not result in the punishment prescribed by the statute. It was thought that otherwise the jury might have returned a different verdict. But that is not the case here.
While the reading of a statute to the jury in regard to punishment is not to be commended, we are not prepared to hold that it alone is sufficiently prejudicial to the defendant to require a new trial. Such a rule, strictly applied, might unduly fetter the judge in giving instructions to the jury, or advising them of the exact language of the statute the defendant is charged with violating. The trial judge has wide discretion as to the manner in which he presents an issue of fact to the jury, so long as he charges the applicable principles of law correctly, and states the evidence plainly and fairly without expressing an opinion as to whether any fact has been fully or sufficiently proven. C. S., 564. It is his high duty to hold the scales evenly between all parties. There are no stereotyped forms of instructions. No two cases are exactly alike, and the trial judge's ruling should be considered by the appellate Court in the light of the circumstances of the trial. The rule prevails that in order to overthrow the verdict and judgment it must be made to appear not only that the action of the trial judge complained of was erroneous, but that it was "material and prejudicial, amounting to a denial of some substantial right." Collins v. Lamb, 215 N.C. 719, 2 S.E.2d 863. *Page 295 
The question of the propriety of reference in the judge's charge to the punishment that might be imposed after conviction has been considered in other jurisdictions, and we cite a number of cases showing the variety of circumstances under which the question has been raised.
In People v. Alfano, 322 Ill. 540, the trial judge instructed the jury that the penalty upon conviction was one to twenty years imprisonment, and further instructed the jury that after serving one year the defendant had the right to apply for parole, and that the parole board had the right to release him on parole then, or at any subsequent time within the maximum period. This was held error, but not of such character as to require a reversal of the judgment.
In Coward v. Commonwealth, 178 S.E. (Va.), 797, it was said that, while it was improper for the trial judge to tell the jury its sentence might be set aside, or cut down by some other arm of the state, it being the jury's province (under the Virginia law) to impose such punishment as appeared from the evidence to be just and proper, such instructions would be regarded as harmless when the minimum sentence was imposed, and that it was of little importance when the court itself fixed the penalty.
In Ryan v. U.S., 99 F.2d 864, following argument by counsel as to the maximum and minimum punishment imposed by law in that case, the trial judge in instructing the jury commented at length on the subject, saying that one defendant, if found guilty, would not be sent to the penitentiary; that since the matter of punishment had been discussed he felt justified in saying that never, save in one instance, had he imposed the maximum penalty, and that in the case at bar not a third of the maximum would be imposed on any one. On appeal to the Circuit Court of Appeals, the Court said that a discussion in the trial court's instructions to the jury of the punishment that might be anticipated upon conviction was not to be commended, but that in that case, in view of the arguments presented on behalf of the defendants, the instructions complained of were provoked, and not inappropriate. True, in the Federal Courts, the judge is not precluded from expressing an opinion on the facts, so long as he instructs the jury they are not bound by his opinion, but the appellate Court's decision in affirming the judgment on this point was not based on that ground.
In Freeman v. State, 156 Ark. 592, on a trial for grand larceny, it was held that the action of the trial judge in reading to the jury a statute which provided for sending female felony convicts and those under eighteen years of age to reform school, was not error, unless it were done in a way to indicate the court's view as to the guilt or innocence of the defendant. In Colley v. State, 164 Ga. 88, 138 S.E. 65, where it was the duty of the court to fix the punishment on conviction *Page 296 
for a misdemeanor, it was held not error for the judge to read to the jury the general section as to the punishment for misdemeanors. In Gandolfo v.State, 11 Ohio St. 114, it was held that no error was committed by the trial judge in sending to the jury at their request the public statute relating to the offense with which the defendant was charged.
Where under a state statute the effect of recommendation to mercy is to reduce the punishment, it is proper for the judge to so instruct the jury.Lovett v. State, 30 Fla. 142.
Defendant cites State v. Tennant, 204 Iowa 130. In that case the trial judge gave instructions as to the punishment of the defendant in the event of conviction, and particularly as to the power of the Iowa Parole Board in extending clemency. In granting a new trial the Supreme Court of Iowa said: "Its effect may have been to encourage a conviction, upon the theory that a moderate punishment might be imposed, or an early parole obtained." InBryant v. State, 205 Ind. 372, a new trial was awarded because the judge, following argument as to the seriousness of the penalty upon conviction, instructed the jury at some length upon the right of the court to suspend the sentence in case of conviction, advising that in the event they found the defendant guilty he would not necessarily be punished, and saying, "You may safely trust to the court the right performance of whatever duty and responsibility is imposed by the legislature upon that officer, and you will make no mistake in such assumption."
In Bean v. State, 58 Okla. (Cr.), 432 (where the jury fixes the punishment), it was held that a charge to the jury as to the rules for commutation for good behavior after incarceration in prison was improper since the rules provided for conditions subsequent to conviction and sentence.
This was thought by the appellate Court to have led the jury to fix greater punishment than would otherwise have been imposed.
In People v. Santini, 221 A.D. (N. Y.), 139, affirmed without opinion in 246 N.Y. 612, the defendant was on trial for manslaughter. The trial judge instructed the jury on this point, in part, as follows: "You must pass upon the facts, but inasmuch as the matter of punishment has been frequently referred to, it is only fair to say to you gentlemen, that in considering the question of punishment, if the jury finds this defendant guilty, this Court is prepared to take into consideration all the circumstances. . . . Do not imagine, gentlemen, that because counsel tells you that the punishment is 20 years for manslaughter in the first degree, or 15 years for manslaughter in the second degree, that if, from the facts you find this defendant is guilty, of either one of those charges, that the Court will impose any such punishment. It is not the Court's intention to do so." *Page 297 
In People v. Harris, 77 Mich. 568, the trial judge in his charge said to the jury: "I may take it upon myself to discharge this man. With that, however, you have nothing to do." This was thought likely to provoke indifference on the part of the jury in the consideration of the case and prejudicial to the defendant.
In Miller v. U.S., 37 App. Cases (D.C.), 138, the trial judge said in part: "So it is a great mistake for the jury to labor under any embarrassment by reason of what they may imagine a sentence may be . . . The statute does not require a defendant convicted of embezzlement to be sent to the penitentiary at all. He may be sent there or he may be freed . . . depending on the circumstances as they may be shown to the court in addition to what has appeared here."
See also Ellerbe v. State, 79 Miss. 10; State v. King, 158 S.C. 251.
In Territory v. Griego (N. M.), 42 P. 81, where the judge suggested to the jury, after they had been unable to agree for forty hours, that a recommendation to mercy would be considered by the court, a new trial was ordered. See also Randolph v. Lampkin (Ky.), 14 S.W. 538, where the trial judge seems to have coerced a verdict.
In McBean v. The State, 85 Wisconsin, 206, the jury being equally divided, sent to the, judge this inquiry, "If we bring in a verdict of guilty, can we depend on the clemency of the Court?", to which the judge replied, "Yes." In Commonwealth v. Switzer, 34 Penn. St., 383, the defendant was charged with obstructing a highway. In his charge the trial judge suggested to the jury the probable extent of the punishment in case of a verdict of guilty. In State v. Kiefer, 16 S.D. 180, the jury sent the judge the inquiry, "Can we recommend the defendant to the mercy of the Court?" The judge replied: "Yes; I have made it an invariable rule . . . to follow such recommendations." In Hackett v. People, 8 Colo. 390, similar assurances were given the jury by the court, and a new trial awarded.
An examination of the various decisions of the courts on this subject leads to conclusion that after all the propriety of instructions to the jury as to punishment must be considered on the basis of the language used, in the light of the circumstances of the trial, in order to determine whether substantial error was committed to the prejudice of the defendant.
It will be noted that in the cases where new trials have been granted on this ground, the trial judge's reference to punishment usually contained definite intimations of leniency in case of conviction without the accompanying caution that the matter of punishment was not to be considered by the jury on the question of the guilt or innocence of the defendant. In our case the judge in charging the jury had read one of the statutes under which defendant was being tried which prescribed a *Page 298 
heavy penalty upon conviction. As counsel for defendant had previously commented on the punishment imposed by this statute, the judge read a portion of the general probation statute, carefully cautioning the jury, however, that they should not consider the question of punishment in arriving at their verdict. In the words of Allen, J., in Lucas v. R. R.,165 N.C. 264, 80 S.E. 1076, "We must assume that the jury were sufficiently intelligent to understand the instruction and honest enough to follow it." Our entire system for the administration of justice through trial by jury is based upon the assumption that the trial jurors are men of character and sufficient intelligence to fully understand and comply with the instructions of the court, and they are presumed to have done so. S. v.Ray, 212 N.C. 725, 194 S.E. 482.
In view of the previous arguments of counsel as to the penalty prescribed by C. S., 4269, and the court's reading in connection therewith a portion of a general probation statute, and the care with which the jury was instructed on this point, as well as the fact that the defendant was also found guilty under another bill charging violation of a different statute, and that the sentence imposed was in accord with the provisions of the latter statute, we are not inclined to hold that the action of the trial judge constituted prejudicial error requiring a new trial.
4. The only exception noted by defendant to the charge was that the court in stating the evidence used the expression "the State has offered evidence which tends to show." This form of expression may not be held to impinge the provisions of C. S., 564, or to constitute the expression of an opinion that any fact was fully or sufficiently proven. S. v. Harris,213 N.C. 648, 197 S.E. 156; Lewis v. R. R., 132 N.C. 382, 43 S.E. 919.
The other exceptions were formal.
On the record we find
No error.