30194. MANDERS v. THE STATE.

MacINTYRE, J. 1. In *Cade* v. *State*, 41 *Ga. App.* 378 (153 S. E. 76), it was held that, "Where a person is on trial for a [reducible] felony, and in his charge the judge instructs the jury that in the event they should find the defendant guilty they could go further and add to their verdict, 'and we recommend that he be punished for a misdemeanor,' [in the absence of a request to charge] it was not error for the court to fail to 'tell the jury what the punishment for a misdemeanor would be, or should be.'" The *Cade* case was followed in *Fanning* v. *State*, 52 *Ga. App.* 66 (182 S. E. 410). After careful consideration of the above cases, the request of the plaintiff in error that these decisions be reviewed and reversed is denied. See *Pickens* v. *State*, 132 *Ga.* 46 (63 S. E. 783); *Gore* v. *State*, 162 *Ga.* 267, 274 (134 S. E. 36); *Byrd* v. *State*, 187 *Ga.* 328 (2), 334 (200 S. E. 671); *Turnipseed* v. *State*, 53 *Ga. App.* 194, 203 (185 S. E. 403).

2. It does not appear that any written request to define a misdemeanor was presented. The defendant says that the court's failure so to do was reversible error. Under the ruling in the *Cade* case, supra, and the *Fanning* case, supra, a new trial is not required where the judge did not define the word "misdemeanor" in giving in his charge section 27-2501 of the Code, which provides that an assault with intent to murder, a felony, may, on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, be punished as a misdemeanor.

3. The jury having convicted the defendant of the greater offense of assault with intent to murder, the charge, as given on the lesser offense of stabbing, did not injuriously affect him. *Cain* v. *State*, 55 *Ga. App.* 376 (8) (190 S. E. 371).

4. In a trial for assault with intent to murder, the question of intent is for the jury. To authorize a conviction for an assault with intent to murder, a deliberate intent to kill must be shown at the time of the assault. Such intent may be inferred by the jury from the nature of the instrument used in making the assault, the manner of its use, the

nature of the wound inflicted, and the duration of the resulting injuries. *Reece* v. *State*, 60 *Ga. App.* 195 (3 S. E. 2d, 229).

5. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED SEPTEMBER 16, 1943.

, *H. A. Allen, Gertrude Harris,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. R. Parham, Durwood T. Pye,* contra.