WYATT, *alias* JORDAN, *v.* THE STATE.

No. 16961.  February 14, 1950.  Rehearing denied March 15, 1950.

*J. Oscar Mitchell* and *William E. Zachary*, for plaintiff in error.

*Eugene Cook, Attorney-General, Roy Leathers, Solicitor-General, Frank B. Stow, Assistant Attorney-General,* and *Robert E. Andrews,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The general grounds of the motion for new trial are not argued in the brief for the plaintiff in error or otherwise insisted upon, but, after carefully examining the record, we find and hold that the verdict is amply supported by evidence.

■ The first ground of the amended motion for new trial alleges that the court erred in allowing the defendant's witness, Dr. Lipton, to testify on cross-examination what the accused had said to him about another homicide, for which he had previously been convicted of murder and for which he had served a term in the penitentiary. As shown by our statement of the facts, this testimony was objected to by counsel for the defendant on the ground that it was an attack upon the defendant's character when he had not himself placed it in issue. There is no merit in this. The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. Code, § 38-1705; *Pulliam* v. *State,* 196 *Ga.* 782 (28 S. E. 2d, 139); *Post* v. *State,* 201 *Ga.* 81 (39 S. E. 2d, 1). In the present case, Dr. Lipton's opinion as to the mental status of the accused at the time of the homicide was based entirely upon a mental examination which the witness had given him; and it is too well settled in this State to be doubted or questioned that the jury was entitled to know all of the facts upon which his opinion rested, and it is elementary that the State had a right to bring these facts out on cross-examination. *Betts* v. *State,* 66 *Ga.* 508; *Cox* v. *State,* 64 *Ga.* 374 (8), 376 (37 Am. R. 76); *Glasco* v. *State,* 137 *Ga.* 336 (73 S. E. 578). And the fact that the evidence objected to tended to discredit the character of the accused made it none the less admissible, where, as in this case, it was other-

wise relevant. *Clifton* v. *State*, 187 *Ga.* 502 (2 S. E. 2d, 102). In other words, it is settled that a defendant in a criminal case who relies upon the benefit of a witness's opinion upon an issue of fact involved in his case will not be heard to withhold from the jury the facts upon which the opinion is founded, even though the facts when disclosed tend to discredit his character, which has not otherwise been placed in issue.

■ The other ground of the amended motion alleges that the trial judge, after allowing Dr. Lipton to testify on cross-examination to the facts referred to in the preceding division, should have instructed the jury as to the limited purpose for which the evidence was admitted and could be considered, and that his failure to do so was error. We do not agree. No contention is here made that the judge did not fully and correctly instruct the jury upon all of the substantial and controlling principles of law applicable to the movant's case; and, in the absence, as here, of a timely written request therefor, a failure or omission to charge upon such an incidental or collateral matter as the one here complained of is not ground for a new trial. Code, § 81-1101; *Smith* v. *Page*, 72 *Ga.* 544; *Thomas* v. *State*, 95 *Ga.* 484 (22 S. E. 315); *Tuggle* v. *State*, 113 *Ga.* 272 (38 S. E. 830); *Wrightsville & Tennille R. Co.* v. *Lattimore*, 118 *Ga.* 581 (45 S. E. 453); *Davis* v. *State*, 153 *Ga.* 154 (112 S. E. 280). In the *Wrightsville & Tennille Railroad Co.* case, supra, Mr. Justice Lamar, who prepared the opinion for the court, said: "There is a difference between issue and evidence, and the requirement that the judge shall instruct the jury as to all of the issues raised does not impose on him the duty of singling out particular portions of the evidence and charging thereon." And a ruling in this case different from the one which we have made is not required because the judge had previously stated during the trial that he would instruct the jury upon the subject here complained about; this is true for the reason that it is always the duty of counsel to assist the court in the function of instructing the jury and to remind him of matters which have arisen on the trial which have by oversight escaped his attention. *Wheeless* v. *State*, 92 *Ga.* 19 (18 S. E. 303). A party can not abide the chance of a favorable verdict, and after the return of an adverse one have it set aside upon a ground which doubtless would not,

have occurred had he himself been diligent. *Trussell* v. *State*, 181 *Ga.* 424 (182 S. E. 514), and the cases there cited.

It therefore follows from what has been held in the three preceding divisions that the court did not err, for any reason assigned, in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*

WYATT, J. I dissent from the rulings contained in divisions 2 and 3 of the opinion and from the judgment of affirmance.