STATE OF NORTH CAROLINA v. LARRY HILL, ALIAS
LAWRENCE STEPHEN HILL

No. 7018SC461

(Filed 16 September 1970)

1. Robbery § 4— armed robbery — sufficiency of evidence
    There was ample evidence to require submission of the case to the jury in this armed robbery prosecution where the State's witness positively identified defendant as one of the persons who robbed him.

2. Robbery § 5— instructions — *informing jury that armed robbery carries greater punishment than common law robbery*
    In this armed robbery prosecution, it was not prejudicial error for the judge to inform the jury that armed robbery carries a greater punishment than common law robbery.

3. Robbery § 5— common law robbery — instructions
    The trial court's instructions on common law robbery were adequate when the charge is viewed as a whole.

APPEAL by defendant from *Gambill, J.,* 30 March 1970 Criminal Session of Superior Court held in GUILFORD County.

Defendant was tried upon a bill of indictment charging him with armed robbery of Eddie Walker, Jr. (Walker), who at that time was the manager and in charge of the service station operated as Kayo Oil Company. Upon the call of the case for trial, the defendant pleaded not guilty and trial was by jury.

The evidence for the State tended to show that the defendant had been employed by Walker to work at the Kayo Oil Company, a filling station business in Greensboro. The defendant had worked there and was robbed the first night he worked. After that the defendant did not return to work. Walker testified that about 4:30 a.m. on 15 February 1970, business was slack and he, Walker, who was on duty, was in his car doing something to his stereo. At that time an unidentified man approached and asked for a gas can. Walker directed him to another service station and about thirty minutes later, he reappeared. About this time the defendant, with a mask across his mouth and a pistol in his hand, approached and directed Walker to go into the service station. The pistol was a .32 or .38 revolver. Walker recognized the defendant by seeing part of his features, as well as by his voice. The defendant went to the side of the desk in the service station where the key to the money drawer was kept, got the key, and gave it to Walker. As directed by the defendant, Walker used the key and opened the drawer. The unidentified man then proceeded to get the money out of the drawer. Defendant then told Walker to take the money out of his pockets, which he did. Defendant next directed Walker's attention to a safe in the floor which was concealed as a drain and asked him what that was. When Walker told him he did not know, the defendant informed him that he was the manager and that he did know that it was a safe. Defendant then cocked the gun and informed Walker that if he did not open the safe, he was going to "mess him up." Walker told defendant that the combination to the safe was in the wallet they had taken from him. After getting the combination, Walker opened the safe, threw the money out, and the unidentified man picked it up. Then the defendant kicked Walker in the back and said to the unidentified man, "Let's mess him up." The unidentified man said, "No, we'll get in trouble." The defendant told Walker to get in his (Walker's) car; the unidentified man got in front with Walker, and defendant got in the rear. They directed him to drive some distance in town before telling him to stop near Bell's Florist on Market Street where they got out and left. They took $370

of the money belonging to the business and $20 belonging to Walker.

The defendant offered no evidence. The jury returned a verdict finding the defendant guilty of armed robbery. From a judgment of imprisonment for not less than ten nor more than fifteen years, the defendant appealed to the Court of Appeals.

*Attorney General Morgan, Staff Attorney League, and William Lewis Sauls for the State.*

*Assistant Public Defender of the Eighteenth Judicial District Robert D. Douglas III, for defendant appellant.*

MALLARD, C.J.

[1]  Defendant assigns as error the overruling of his motion for judgment of nonsuit. The witness for the State positively identified the defendant as one of the two persons who robbed him with a .32 or .38 pistol. There was ample evidence to require submission of the case to the jury.

[2]  Defendant assigns as error two statements made by the trial judge in the charge to the jury that armed robbery carries with it greater punishment than common law robbery. In doing so, the judge was attempting to distinguish the differences between armed robbery and common law robbery. These statements by the judge did not point out the exact amount of punishment for either offense. While it is ordinarily error in noncapital cases for the trial judge to inform the jury as to punishment, such information by the judge does not always constitute prejudicial error.

In the case of *State v. Rhodes,* 275 N.C. 584, 169 S.E. 2d 846 (1969), it is said:

"It does not follow, however, that instructions disclosing the punishment authorized by statute will always constitute prejudicial error. The propriety and effect of such an instruction must be considered 'in the light of the circumstances of the trial, as, for example, where it is made in response to remarks of counsel on the subject made in the presence of the jury.' * * *"

In the case of *State v. Howard,* 222 N.C. 291, 22 S.E. 2d 917 (1942), the Court held:

"The rule prevails that in order to overthrow the verdict and judgment it must be made to appear not only that the action of the trial judge complained of was erroneous, but that it was 'material and prejudicial, amounting to a denial of some substantial right.' * * *"

We hold that in this case it was not prejudicial error for the judge to inform the jury that armed robbery carries a greater punishment than common law robbery.

[3]   Defendant contends that the trial judge did not adequately define common law robbery. When the charge is viewed as a whole, we are of the opinion and so hold that the charge as to common law robbery was adequate.

We have carefully examined all of the defendant's assignments of error, and no prejudicial error is made to appear.

In the trial we find no error.

No Error.

PARKER and HEDRICK, JJ., concur.