## 66281. WALKER v. THE STATE.

SHULMAN, Chief Judge.
Appellant was indicted for the possession and sale of marijuana and convicted of the sale count. A mistrial was declared as to the possession count.

1. Appellant filed a special demurrer to the indictment, contending that since the sale of marijuana necessarily includes the possession of marijuana, he could not be tried for both offenses. That argument fails on appeal as it did at trial.

The offenses of possession and sale of marijuana are separate crimes as a matter of law (*State v. Estevez,* 232 Ga. 316 (206 SE2d 475)), and where, as here, the evidence shows the two offenses were on different occasions on the same day, they are also separate offenses as a matter of fact. Compare *Burns v. State,* 127 Ga. App. 828 (195 SE2d 189). There was no error in the overruling of appellant's special demurrer.

2. At the close of the evidence, appellant's counsel submitted to the trial court 17 written requests to charge. The trial court refused to consider the requests because they were not tendered in accordance with Rule XV of the Local Rules of the Southern Judicial Circuit:

"All requests to charge shall be filed in writing with the Court, in duplicate and with supporting authorities, *prior* to the introduction of any evidence by any party. Requests to charge not so filed prior to introduction of evidence in the case shall be deemed not timely filed and will not be considered by the Court. However, requests regarding matter arising unexpectedly during the trial will be considered if handed up as soon as practical after such matter becomes apparent." The refusal to consider appellant's requests to charge is enumerated as error.

Appellant argues that the local rule is in conflict with OCGA § 5-5-24 (b) (Code Ann. § 70-207), which reads in pertinent part as follows: "In all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein." We disagree. The quoted statutory provision specifically permits the trial court to select an earlier time than the close of the evidence for the submission of requests to charge. As the trial judge explained to appellant's counsel, the judges of the Southern Judicial Circuit have chosen to direct an earlier time in all cases. So long as that direction is reasonable, we cannot see that the rule is in conflict with the statute.

On the question of reasonableness, appellant argues that the rule is unreasonable on its face because counsel cannot know until the evidence is in whether the charges he desires are authorized by the evidence. We find that argument, as did the trial court, unavailing in light of the criminal discovery procedures the trial court stated were in use in that judicial circuit. Appellant's counsel had been given access to the district attorney's file on this case, an unusually broad discovery procedure which, the trial court asserted in colloquy with appellant's counsel, was the standard practice in the Southern Judicial Circuit. Under these circumstances, we find the local rule to be within the mandate of OCGA § 5-5-24 (b) (Code Ann. § 70-207). Since appellant's requests to charge were not filed in accordance with the direction that they be filed prior to the introduction of evidence, we find no error in the trial court's refusal to give appellant's requests. See *Finley v. Griswold,* 149 Ga. App. 612 (3) (255 SE2d 87).

3. In his final enumeration of error, appellant contends that the trial court erred in admitting, over objection, testimony concerning the results of laboratory analysis of the marijuana seized in a search of appellant's residential premises. The basis for appellant's objection, and for his argument on appeal, is that a witness from the Crime Lab had in his possession and used in his testimony a computer printout which was attached to the Crime Lab's report, but which had not been furnished to appellant pursuant to his request for the results of

scientific tests. This enumeration of error is without merit.

The printout which forms the center of this controversy is clearly not a "written scientific report." It was established by uncontradicted testimony that the printout was an internal document of the Crime Lab and was not furnished to the state with the Crime Lab's report on the marijuana seized in this case. In addition, the prosecuting attorney stated in his place that he had never seen the document before defense counsel showed it to him in the course of objecting to its admission. Appellant asked for and got the scientific report generated by the Crime Lab for this case. He was not entitled to internal documents and work products of the Crime Lab. See *Sears v. State,* 161 Ga. App. 515 (288 SE2d 757). No violation of OCGA § 17-7-211 (Code Ann. § 27-1303) was shown and there was no error in admitting testimony concerning the results of the tests performed by the Crime Lab on the marijuana seized from appellant.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983 —
REHEARING DENIED SEPTEMBER 23, 1983 — 

*Billy L. Spruell,* for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.