## 41149. MASSEY v. MEADOWS.
(321 SE2d 703)

CLARKE, Justice.

Meadows entered a guilty plea to a charge of driving under the influence. His sentence was entered on a document which bears the heading "Misdemeanor Sentence (Probation)." The body of the document recites that Meadows is sentenced to confinement for a term of twelve months and ordered to pay a fine of $600 "as a condition precedent to the granting of any probation herein ordered or allowed." The document then goes on to provide that the confinement sentence may be served on probation if the defendant does not violate certain conditions.

Upon failure to pay the fine on the day of sentencing, Meadows was committed to jail without probation. The case comes to us as a result of the superior court having granted a writ of habeas corpus on the grounds that the state court did not make a determination that the failure to pay the fine was wilful. The habeas court found there was evidence of a good faith effort to pay. Under Bearden v. Georgia, ___ U. S. ___ (103 SC 2064, 76 LE2d 221) (1983), Meadows' confinement was unconstitutional if his failure to pay was not wilful or if the court failed to find alternative forms of punishment inadequate. The habeas court sent the matter back to the state court for a full evidentiary hearing on the issue of how the fine would be paid, taking into consideration his ability to pay and alternative methods of punishment.

Appellant attempts to distinguish this case from Bearden, supra. Appellant's first contention that the sentence was a sentence of confinement rather than a sentence of probation, is not persuasive in view of the fact that the trial court specifically denominated it a sentence of probation, and the body of the sentence orders that it be served on probation. Further, the appellant's attempt to distinguish this case from Bearden on the ground that Meadows has not been found to be "indigent" is without merit.

It is true that Bearden dealt with revocation of probation because of failure to pay an installment of the fine upon which the probation was conditioned whereas here payment of the entire amount was a condition precedent to the probation. This, however, is a distinction

without a difference. In both cases the court initially found confinement unnecessary and then confined defendant for failure to pay a fine which was a condition of his probation. In neither case was there a finding of either wilfulness or the inadequacy of alternative punishment. It is also true that in Bearden the defendant was denominated an indigent whereas here defendant was never found to be an indigent. However, again, there is no appreciable difference since the habeas court found Meadows had no assets but only his salary and that while he had made "considerable good faith efforts" to borrow or otherwise obtain money for the fine, he had accumulated no more than one week's salary.

We hold that where payment of a fine is made a condition precedent to probation, a defendant's probation may not be revoked or withheld because of his failure to pay the fine without a showing of wilfulness on his part or inadequacy of alternative punishments. *Sabel v. State*, 250 Ga. 640 (300 SE2d 663) (1983) and *Hunter v. Dean*, 240 Ga. 214 (239 SE2d 791) (1977), to the extent that they are in conflict with this holding, are overruled.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED OCTOBER 11, 1984.

*Nicholson, DePascale, Harris & McArthur, Earnest DePascale, Jr.,* for appellant.
*Timothy W. Floyd,* for appellee.