## 41517. GAITHER v. INMAN.
(322 SE2d 242)

BELL, Justice.

In September 1983 Inman was convicted on two counts of violating the Georgia Controlled Substances Act, OCGA Ch. 16-13, Art. 2. He was sentenced to serve eight years on each count, to run concurrently, with five years of each count suspended upon the payment of a total fine of $15,000. Inman is currently serving his three-year unconditional sentence of imprisonment, and to date has paid no portion of his fines. In 1984 he filed a complaint for a writ of habeas corpus, challenging the legality of his sentence on the ground that he is indigent and has never been afforded a hearing to inquire into his ability to pay the fine or the adequacy of alternative punishment. See Bearden v. Georgia, ___ U. S. ___ (103 SC 2064, 76 LE2d 221) (1983). The state did not controvert these allegations, and the habeas judge found that the sentence was unconstitutional, and remanded to the sentencing court "for proceedings consistent with the law." The state filed this appeal. OCGA § 9-14-52 (c). We affirm with directions.

We have recently recognized and applied the rule of Bearden. *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984). The only possible factual distinctions of significance between this case and *Massey* are that this case concerns a conditionally suspended sentence which will commence only after an unconditional sentence of imprisonment has been served, whereas *Massey* concerned a conditionally probated sentence which was to begin immediately. We see no significance to these distinctions, and agree with the habeas judge that the sentencing court should have conducted a Bearden hearing after sentencing Inman, and that the court's failure to do so renders Inman's conditional sentence unconstitutional.

However, in affirming the habeas court we recognize that the interposed unconditional sentence of imprisonment — which was not found in Bearden or *Massey* — means that there is a bare possibility that Inman's ability to pay the fines will have improved at the date his conditional sentence begins. We therefore direct the habeas court to modify its judgment, so that the sentencing court is required to make the additional finding of whether there is a reasonable likelihood that, prior to commencement of the conditional portion of his sentence, Inman will acquire, through bona fide legal efforts, the ability to pay his fines.

*Judgment affirmed with directions. All the Justices concur.*

DECIDED OCTOBER 31, 1984.

*Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellant.

*Patrick T. Beall,* for appellee.