### 70614. LUDDEN v. THE STATE.
(335 SE2d 428)

SOGNIER, Judge.

Appellant was convicted on nine counts of theft by deception and appeals. Each theft occurred by appellant's ordering an airline ticket from Delta Airlines by phone or mail, paying for the ticket with a check on an account that was closed or had insufficient funds in it, cancelling his flight and obtaining a refund check from Delta Airlines.

1. In his first two enumerations of error appellant contends it was error to admit eight exhibits into evidence, over objection, because the exhibits were not identified properly, no foundation was laid for their admission into evidence and a proper chain of custody was not established. The exhibits in question consisted of personal checks written by appellant in payment for airline tickets; the airline tickets; requests for refunds, with the address where the refund checks were to be sent; and the refund checks sent to appellant by

Delta Airlines. Appellant also contends error in denial of his motion to strike from evidence four of the eight exhibits referred to above. The personal checks bore appellant's purported signature as maker, his social security number, and showed the payee as Delta Airlines.

All of the personal checks were identified by employees of banks as checks from their banks, and were drawn on banks where appellant had previously maintained checking accounts. A Delta Airlines employee identified tickets issued by Delta, refund checks issued to appellant, requests for refunds in appellant's name and "refund due" slips prepared by Delta Airlines indicating that appellant was due a refund. One bank employee testified that she knew appellant personally and saw him endorse and cash two of the refund checks from Delta Airlines. Two signature cards signed by appellant were introduced into evidence without objection. It is clear from the evidence related above that a proper foundation was laid for admission of the exhibits into evidence, as the genuineness of appellant's signature on the personal checks and the other documents purportedly written or signed by appellant was a question for the jury from comparison of the signatures. OCGA § 24-7-7; *Vizard v. Moody*, 119 Ga. 918, 924 (8) (47 SE 348) (1904); *Martin v. State*, 135 Ga. App. 4, 7 (3) (217 SE2d 312) (1975), rev'd on other grounds.

Appellant's contention that a chain of custody was not established for the checks and other documents is without merit. Direct physical objects which can be identified upon mere observation require no custodial proof for their admission. *Gray v. State*, 151 Ga. App. 684, 685 (2) (261 SE2d 402) (1979); *Bissell v. State*, 157 Ga. App. 711, 712 (3) (278 SE2d 415) (1981). Since it was not error to admit State Exhibits 35, 36, 37 and 38 into evidence, it follows that it was not error to deny appellant's motion to strike those exhibits, as appellant's motion was based on the same grounds as his objection to their admissibility.

2. Appellant contends it was error to allow Mitch Williams, a police detective, to testify that appellant had committed the offense of theft by deception, and by refusing to strike such testimony from the record. This contention is without merit.

In response to a question as to how he became involved in the investigation of this case Williams stated that Mr. Milam, a security officer for Delta Airlines, brought various documents, airline tickets, refund tickets and personal checks to Williams. Milam wanted advice on the situation and after Williams reviewed the checks "I informed him that this would be a case of theft by deception." Appellant contends it was error to allow Williams to express his opinion, as his statement went to the ultimate issue to be decided by the jury.

After Williams' response the trial court immediately instructed the jury that it was its function to determine appellant's guilt or inno-

cence based upon the evidence and the law as given the jury by the court, and the jury would take the law from the court and from no other source. Appellant then moved to strike the quoted portion of Williams' answer from the record and the motion was denied. The witness' answer in this instance was not an opinion and did not go to the ultimate issue, i.e., whether appellant was guilty or not guilty of theft by deception. The witness was merely stating what he told Milam (that this was a case of theft by deception) and the jury had already been informed by the court at the commencement of trial that this was a theft by deception case. Thus, there could be no possible harm to appellant from Williams' statement. Even assuming, without deciding, that the trial court erred by allowing the testimony to be introduced, any error was harmless because the evidence against appellant was overwhelming. *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515) (1977). See, however, *Williams v. State*, 254 Ga. 508, 510 (2) (330 SE2d 353) (1985).

3. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal because venue was not established in Tift County, Georgia, and the evidence was admitted improperly because no foundation was laid and no chain of custody was established. We have disposed of appellant's argument concerning admissibility of the evidence in Division 1 of this opinion.

Although no one saw appellant write the checks used as payment for the airline tickets, the evidence established that appellant lived in Tift County at the time the checks were written; the airline tickets he ordered were mailed to his address in Tift County; appellant asked that his refund checks be mailed to him at his address in Tift County; and one witness observed appellant endorse and cash two of the refund checks in Tift County. Venue may be shown by circumstantial as well as direct evidence, and slight evidence is sufficient to establish venue, when there is no conflicting evidence. *Jones v. State*, 245 Ga. 592, 596 (2) (266 SE2d 201) (1980).

Venue is a question to be decided by the jury and its decision will not be set aside as long as there is any evidence to support it. Id. There is more than enough evidence in this case to show venue in Tift County, and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

4. Lastly, appellant contends the trial court erred by sentencing him to a period of probation conditioned upon appellant's payment, after his release from confinement, of fines and restitution totalling $8,488, without a hearing to determine his ability to pay such fines and restitution.

Appellant made no objection to the sentences at the time they were imposed, and requested no hearing to determine his ability to pay the amount ordered by the court in restitution and fines. Normally, this court will not consider questions raised for the first time on appeal. *Bowen v. State,* 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985). However, in view of the Supreme Court's decision in *Gaither v. Inman,* 253 Ga. 484 (322 SE2d 242) (1984), and appellant's reliance thereon, we feel it necessary to address this issue. In *Gaither* the defendant's suspension of confinement after serving three years of an eight-year sentence was conditioned upon payment of a $15,000 fine. Gaither filed a petition for a writ of habeas corpus and the habeas court found Gaither's sentence illegal because he had never been afforded a hearing to inquire into his ability to pay such a fine. Our Supreme Court modified that finding by requiring the sentencing court to make a finding of whether there was a reasonable likelihood that prior to commencement of the conditional portion of his sentence Gaither would acquire the ability to pay his fine. Id.

In the instant case appellant's release from confinement to probation after serving two years was not conditioned on making restitution and payment of fines prior to his release, as was the case in *Gaither.* Rather, appellant here was ordered to make restitution *after* his release from confinement, in monthly payments to be determined by his probation officer based upon appellant's earnings. Additionally, the periods of time in which appellant was to make restitution on each sentence was graduated, i.e., from one year after release on the first sentence to seven years after release on the last sentence. In each instance appellant was allowed 30 days after payment of restitution in which to pay his fines, amounting to $100 on each count. Since the probation officer was to determine the amount of monthly payments based on appellant's earnings (ability to pay), it is clear the sentencing judge took this factor into consideration prior to imposing sentence. Accordingly, *Gaither,* supra, is not applicable to the facts of the instant case, and no hearing was required prior to sentencing to determine appellant's ability to make restitution and pay the fines imposed. We also note that at the sentencing hearing appellant's counsel informed the court that appellant was well able to get out and earn a living, and asked the court to give appellant probation and give him a chance to pay the money back (to Delta Airlines). Counsel also stated that appellant could make restitution to Delta Airlines, and pointed out that appellant's wife was a registered nurse. Hence, a further hearing to determine appellant's ability to pay would serve no useful purpose, since that matter was taken into consideration by the trial court prior to imposing sentence.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in Divisions 1, 2 and 3 and in the judgment.*

DECIDED SEPTEMBER 9, 1985 —
REHEARING DENIED SEPTEMBER 20, 1985 — 

*G. G. Joseph Kunes, Jr.*, for appellant.
*David E. Perry, District Attorney, Robert C. Wilmot, Assistant District Attorney*, for appellee.