## 71267. DYE v. THE STATE.
### (341 SE2d 469)

CARLEY, Judge.

Appellant was convicted on a two-count indictment which charged him with possession of cocaine and conspiracy to distribute cocaine. He appeals.

1. The first enumeration is that the trial court erred in overruling appellant's general demurrer to count one of the indictment which set forth the cocaine possession charge. This enumeration is based upon the absence from the indictment of a specific allegation that appellant "knowingly and intentionally" possessed cocaine.

Initially, appellant urges that failure to allege his "knowing and intentional possession" of the drug renders the indictment defective in that it does not properly apprise him of the charge against him. The indictment alleged that appellant, "on the 21st day of May [1984], in the State and County aforesaid, did then and there unlawfully possess a controlled substance, to wit: cocaine, in violation of the Georgia Controlled Substances Act. . . ." The language of the indictment tracks exactly the language of the applicable section of the Code. OCGA § 16-13-30. It has long been the rule in Georgia that when an indictment is couched in the language of the Code, it will be deemed sufficiently technical and correct to withstand a general demurrer. Stewart v. State, 246 Ga. 70 (268 SE2d 906) (1980); Eubanks v. State, 217 Ga. 588 (124 SE2d 269) (1962). See also OCGA § 17-7-54. Here, the indictment charged appellant with the unlawful possession of cocaine on May 21, 1984 and it could not have been more specific. Lord v. State, 235 Ga. 342 (219 SE2d 425) (1975).

Appellant further contends that the omission of specific allegations with regard to intent and knowledge constitutes a failure to charge essential elements of the offense. The indictment followed the exact language of the Code, charging that appellant had "unlawfully" possessed cocaine. The allegation that appellant acted "unlawfully" is sufficient to encompass both the intent to commit the proscribed act and the knowledge necessary to form that intent. See generally McDonald v. State, 222 Ga. 596 (151 SE2d 121) (1966); OCGA § 16-2-1. The language of this indictment, couched as it was in the terms of the

Code, was sufficient to allege each essential element of the offense charged. There was no error.

2. Appellant urges that his conviction as to count two was improper because the only evidence of a conspiracy consists of his conversations with a police informant rather than with a co-conspirator. See *Sears v. United States*, 343 F2d 139, 142 (4) (5th Cir. 1965); *United States v. Wray*, 8 F2d 429 (4) (5th Cir. 1925).

Appellant was not indicted for and convicted of conspiracy with a government agent, but with a third party supplier from whom he received the cocaine which he intended to sell to the government agent. Appellant's taped conversations, admitted at trial without objection, were sufficient to show that he and an unidentified third party were in agreement that appellant would act as a retail seller for the third party's cocaine. Evidence of this type of "chain conspiracy" has long been recognized as sufficient to sustain a conviction for conspiracy to sell a controlled substance. See generally *Kilgore v. State*, 251 Ga. 291, 298-300 (305 SE2d 82) (1983). There was no error.

3. Appellant had a subpoena served upon the State chemist who had performed the analysis on the alleged cocaine. The subpoena commanded that the analyst appear at trial and bring with him all graphs, charts, records, notes and other material related to his investigation and his finding that the substance was cocaine. The State moved to quash appellant's subpoena, citing policy considerations against releasing all materials associated with a crime lab investigation. The State did supply a copy of the chemist's report that the substance was cocaine. The trial court quashed the subpoena and appellant assigns this ruling as error.

It is clear that appellant would not be entitled to secure all the documents, records and data produced by a State Crime Laboratory investigation had he filed a motion for discovery pursuant to OCGA § 17-7-211. *Walker v. State*, 168 Ga. App. 130 (308 SE2d 404) (1983). If a defendant is served with a copy of the report indicating the results of tests on the substance analyzed, the requirements of the applicable discovery statute have been satisfied. *Sears v. State*, 161 Ga. App. 515 (288 SE2d 757) (1982). The question thus becomes whether a defendant may secure, through use of a subpoena, that which he could not acquire through discovery.

This court has recognized that, under certain circumstances, due process dictates that a subpoena may be used to force production of documentary evidence in a criminal case, even in the face of government regulations restricting or prohibiting disclosure of such evidence. *Buford v. State*, 158 Ga. App. 763 (282 SE2d 134) (1981). However, in *Buford*, a subpoena provided the *only* means for the defendant to acquire evidence that "was unquestionably 'demonstrably relevant' ([cit.]) and material to the defense ([cit.])." *Buford v. State*,

supra at 767. Appellant asserts that, as against the State's reasons for noncompliance with the broad mandate of his subpoena, the records were relevant and material. He contends that they provided him the *only* method by which to conduct a proper cross-examination of the State's expert and to prove that the substance in question is not cocaine.

However, among the procedures which may be utilized by the defense in a case such as this is the filing of a motion for independent examination. *Patterson v. State*, 238 Ga. 204 (232 SE2d 233) (1977). On appellant's motion, the trial court could have provided an opportunity for an expert of appellant's own choosing to conduct independent testing of the alleged cocaine. Assuming a differing conclusion, appellant's expert would then have been in a position to dispute the State's findings. However, in the absence of such an independent test, the entirety of the work product of the State's expert would not be "unquestionably relevant and material to the defense," as against the State's assertion of the need for nondisclosure. Under those circumstances, there would be no demonstrable "indication that the [S]tate's expert was incompetent or biased or that the chemical analysis performed by him might otherwise be unreliable. . . ." *Hubbard v. State*, 173 Ga. App. 127, 128 (325 SE2d 799) (1984).

That appellant chose not to take advantage of this procedure does not mean that it was unavailable to him. What it does demonstrate is that the trial court was authorized to conclude that "appellant failed to show that the matters sought [ostensibly for purposes of] cross-examination [were] in some manner relevant to the issues in the case on trial, [cits.] and hence that the lack of the material [would impair] his defense so as to deprive him of a fair trial." *Williams v. State*, 250 Ga. 664, 665 (300 SE2d 685) (1983), overruled on other grounds *Baxter v. State*, 254 Ga. 538, 548 (18) (331 SE2d 561) (1985). To hold otherwise would constitute a judicial usurpation of a legislative function. Had the General Assembly intended that defendants in criminal cases be furnished with such material as was sought by appellant merely upon their asking for it, OCGA § 17-7-211 would so provide. See *Hartley v. State*, 159 Ga. App. 157, 158 (2) (282 SE2d 684) (1981). To adopt appellant's contention regarding what is subject to a subpoena would obviate the limited parameters of OCGA § 17-7-211 established by the legislature, there being no incentive to resort to OCGA § 17-7-211 if a subpoena offered an unlimited range of obtainable material from the State's expert. In the instant case, appellant could have sought an independent examination and, thereafter, devised his plans for cross-examination of the State's expert as to his testing methods and results. Appellant did not do this. Thus, appellant cannot be heard to complain that his only method of effective defense as against possession of contraband was frustrated. It was not

error to quash appellant's subpoena.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1986 —
REHEARING DENIED FEBRUARY 14, 1986 —

*W. Washington Larsen, Jr.,* for appellant.

*James L. Wiggins, District Attorney, Michael T. Solis, Assistant District Attorney,* for appellee.