A89A1802. EASON v. THE STATE.
(391 SE2d 427)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of selling cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The cocaine had been analyzed by the State Crime Lab. Appellant caused the State Crime Lab chemist who had made the analysis to be served with a subpoena for the production of her work product. On the State's motion, the trial court quashed the subpoena. Appellant enumerates this ruling as error.

This issue was addressed in and would seemingly be controlled by the decision in *Dye v. State*, 177 Ga. App. 813, 814 (3) (341 SE2d 469) (1986). Appellant urges, however, that *Dye* should be overruled because the holding of that case is violative of a criminal defendant's

constitutional rights, particularly the Sixth Amendment right to confront the witnesses against him.

" '(T)he Confrontation Clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." ' [Cits.]" (Emphasis omitted.) *United States v. Owens*, 484 U. S. 554, 559 (108 SC 838, 98 LE2d 951) (1988). The record shows that appellant was afforded the opportunity to conduct a thorough and sifting cross-examination of the State's expert concerning her testing methods and the results of her analysis. As against the State's assertion of the need for nondisclosure, appellant was merely denied access to the entirety of the expert's work product which underlay her analysis. Thus, the determinative constitutional issue is whether this lack of access to the expert's work product demonstrates that the cross-examination otherwise afforded to appellant was not effective. As noted in *Dye*, appellant could have availed himself of the opportunity to have an expert of his own choosing conduct an independent test of the alleged cocaine and, "[a]ssuming a differing conclusion, appellant's expert would then have been in a position to dispute the State's findings. However, in the absence of such an independent test, the entirety of the work product of the State's expert would not be 'unquestionably relevant and material to the defense,' as against the State's assertion of the need for nondisclosure. Under those circumstances, there would be no demonstrable 'indication that the (S)tate's expert was incompetent or biased or that the chemical analysis performed by him might otherwise be unreliable. . . .' [Cit.]" *Dye v. State*, supra at 815 (3).

Absent independent testing and a differing result, the request for unlimited access to the work product of the State's expert would constitute no more than a request to engage in a fishing expedition and to conduct the cross-examination of the State's expert "in whatever way, and to whatever extent, the defense might wish." "That appellant chose not to take advantage of [the independent testing] procedure does not mean that it was unavailable to him. What it does demonstrate is that the trial court was authorized to conclude that 'appellant failed to show that the matters sought (ostensibly for purposes of) cross-examination (were) in some manner relevant to the issues in the case on trial, (cits.) and hence that the lack of the material (would impair) his defense so as to deprive him of a fair trial.' [Cit.] To hold otherwise would constitute a judicial usurpation of a legislative function. Had the General Assembly intended that defendants in criminal cases be furnished with such material as was sought by appellant merely upon their asking for it, OCGA § 17-7-211 would so provide. [Cit.] To adopt appellant's contention regarding what is subject to a subpoena would obviate the limited parameters of OCGA

§ 17-7-211 established by the legislature, there being no incentive to resort to OCGA § 17-7-211 if a subpoena offered an unlimited range of obtainable material from the State's expert. In the instant case, appellant could have sought an independent examination and, thereafter, devised his plans for cross-examination of the State's expert as to his testing methods and results. Appellant did not do this. Thus, appellant cannot be heard to complain that his only method of effective defense as against [the sale] of contraband was frustrated." *Dye v. State*, supra at 815 (3).

Appellant finds an inequity where none exists, and urges a remedy where none is warranted. Existing constitutional and statutory law already affords one who is charged with a drug violation access to a wide range of discovery procedures in order to enable him to prepare an effective defense. Under the circumstances which existed in *Dye v. State*, supra, and which exist in this case, there is no authority or justification for holding that the defendant in a drug case who has not availed himself of those existing discovery procedures can successfully assert that he was denied the opportunity to prepare an effective defense as against the State's proof that the substance at issue was contraband. Absent a request for independent testing and a differing result, the defendant in a drug case is afforded the opportunity for an "effective cross-examination" of the State's expert as to his testing methods and results without having access to the entirety of his work product.

2. The trial court charged the jury that witnesses are presumed to speak the truth unless they are impeached as provided by law. Although the trial court did *not* err in giving this charge, we would reiterate that it should not be employed in criminal cases in this State. See *Noggle v. State*, 256 Ga. 383, 385 (4) (349 SE2d 175) (1986); *Chews v. State*, 187 Ga. App. 600, 605 (7) (371 SE2d 124) (1988).

3. Appellant's further enumerations of error which address the trial court's charge have been considered and found to be without merit.

4. Appellant was sentenced to twenty years, ten years to serve and ten years on probation. Among the conditions of appellant's probation was the payment of a $5,000 fine. The trial court erred in making appellant's payment of a fine a condition of probation without first conducting a hearing in accordance with *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983). See *Gaither v. Inman*, 253 Ga. 484 (322 SE2d 242) (1984); *Day v. State*, 188 Ga. App. 648, 651 (10) (374 SE2d 87) (1988). "Accordingly, appellant's conditionally-probated sentence . . . must be reversed and the case remanded with direction that appellant be resentenced . . . in accordance with *Bearden* and *Gaither*, [Cit.]" *Day v. State*, supra at 652 (10).

5. Appellant's remaining enumeration concerning the alleged er-

roneous curtailment of his counsel's closing argument has been considered and found to be without merit.

*Judgment of conviction affirmed. Sentence reversed with direction. McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope, Beasley and Cooper, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

I must respectfully dissent. Under the Constitution of Georgia and the Sixth Amendment to the U. S. Constitution, appellant is entitled to compulsory process in a criminal prosecution. Also see OCGA § 24-10-20 and Uniform Superior Court Rule 39.7. "We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." *United States v. Nixon*, 418 U. S. 683, 709 (94 SC 3090, 41 LE2d 1039) (1974).

"In other words, it is settled that a defendant in a criminal case who relies upon the benefit of a witness's opinion upon an issue of fact involved in his case will not be heard to withhold from the jury the facts upon which the opinion is founded." *Wyatt v. State*, 206 Ga. 613, 616-617 (57 SE2d 914) (1950). *A fortiori* where a prosecutor in a criminal case relies upon the benefit of a witness's opinion upon an issue of fact, he also will not be heard to withhold from the jury facts upon which the opinion is founded. The jury can evaluate the weight of the facts, showing the basis of the expert opinion. See *Jordan v. Dept. of Transp.*, 178 Ga. App. 133 (342 SE2d 482) (1986). If in doubt, the evidence should be admitted. *Gibbons v. Md. Cas. Co.*, 114 Ga. App. 788, 796 (152 SE2d 815) (1966).

In *Dye v. State*, 177 Ga. App. 813 (341 SE2d 469) (1986), it was correctly pointed out that appellant had an option under *Patterson v. State*, 238 Ga. 204 (232 SE2d 233) (1977), to have an independent examination and testing of the cocaine, but this was irrelevant to the information sought by appellant. It was further pointed out in *Dye* that seeking discovery under OCGA § 17-7-211 would not have provided appellant the desired data; therefore, he could not secure it by use of a subpoena. Pretermitting the question of accessibility of the data by use of discovery, I believe that appellant is entitled to the graphs, factual data, and other documents which constituted the basis

of the expert's opinion, and the use of a subpoena was an appropriate vehicle to gain this information. As to cross-examination, Wigmore said that beyond doubt it is the greatest engine ever invented for the discovery of truth. Without access to the data and documents sought in this case, cross-examination of the State's expert would be overly restricted.

This court should reconsider the holding in *Dye v. State*, supra. I would go further and overrule the latter cited case. See also *Johnson v. State*, 259 Ga. 403 (383 SE2d 118) (1989).

DECIDED FEBRUARY 7, 1990 —
REHEARING DENIED MARCH 5, 1990 —

*Larsen & Larsen, William W. Larsen, Jr., Celia Larsen*, for appellant.

*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assistant District Attorney*, for appellee.