A90A0655. JOHNSON v. THE STATE.
(394 SE2d 591)

McMURRAY, Presiding Judge.

Defendant filed this appeal after her conviction for violating two counts of Georgia's Controlled Substances Act (distributing cocaine). *Held:*

1. In her first enumeration, defendant contends the trial court erred in quashing her subpoena to the State Crime Laboratory chemist who analyzed the cocaine which defendant was accused of selling to a Georgia Bureau of Investigation undercover agent on two occasions. Defendant raises several constitutional challenges, but more specifically argues that denied access to the chemist's work product resulted in a violation of her Sixth Amendment right to effectively cross-examine the State's chemist.

In the whole court case of *Eason v. State*, 194 Ga. App. 678, 680 (391 SE2d 427) (1990), this Court held that "[a]bsent a request for independent testing [of the suspect controlled substance] and a differing result, the defendant in a drug case is afforded the opportunity for an 'effective cross-examination' of the State's expert as to his testing methods and results without having access to the entirety of his work product." Id. In the case sub judice, defendant did not request or conduct an independent analysis of the suspected cocaine. Consequently, there was no basis for her request for the State's expert's work product. See *Dye v. State*, 177 Ga. App. 813, 814 (3) (341 SE2d 469). The trial court did not err in quashing defendant's subpoena to the State's chemist.

2. In her second and third enumerations, defendant contends the trial court erred in failing to give two of her requested jury instruc-

tions. Both requests address the weight to be given to expert testimony. This issue was properly covered in the trial court's charge. Consequently, it was not error to exclude defendant's requested instructions. See *Caldwell v. State*, 167 Ga. App. 692, 695 (6) (307 SE2d 511).

3. The State does not challenge defendant's final enumeration.

Defendant was sentenced to serve 10 years on each count of the indictment concurrently, with the final 2 years to be served on probation. Among the conditions of probation was the payment of a $1,500 fine. "The trial court erred in making [defendant's] payment of a fine a condition of probation without first conducting a hearing in accordance with *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983). See *Gaither v. Inman*, 253 Ga. 484 (322 SE2d 242) (1984); *Day v. State*, 188 Ga. App. 648, 651 (10) (374 SE2d 87) (1988). 'Accordingly [defendant's] conditionally-probated sentence . . . must be reversed and the case remanded with direction that [defendant] be resentenced . . . in accordance with *Bearden* and *Gaither*. (Cit.)' *Day v. State*, supra at 652 (10)." *Eason v. State*, 194 Ga. App. 678, supra at Division 4.

*Judgments of conviction affirmed. Sentences reversed with direction. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*Larsen & Larsen, W. W. Larsen, Jr.,* for appellant.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Peter F. Larsen, Assistant District Attorneys,* for appellee.