## S90G0829. EASON v. THE STATE.
(396 SE2d 492)

SMITH, Presiding Justice.

We granted a writ of certiorari in *Eason v. State*, 194 Ga. App. 678 (391 SE2d 427) (1990) to consider the following questions:

1. Whether appellant had the right to subpoena all the work product of the State Crime Lab chemist connected to the analysis of the alleged cocaine involved in appellant's case.
2. Whether the right of cross-examination in this case is controlled by OCGA § 24-9-64 or by *United States v. Owens*, 484 U. S. 554 (108 SC 838, 98 LE2d 951) (1988), as was cited by the Court of Appeals in its opinion.

We hold that the appellant has the right to subpoena certain materials from the State Crime Lab chemist for the purpose of cross-examination. We reverse.[1]

The appellant was indicted for selling cocaine; he pled not guilty; however, the jury found him guilty. A State Crime Lab chemist determined that the substance the undercover officer purchased was cocaine. The appellant sought to compel the State's chemist to produce her work product at trial for the purpose of impeachment. The trial court granted the State's motion to quash the subpoena. During the trial, the chemist testified about the types of tests she conducted in determining the substance was cocaine; however, because the subpoena was quashed, she did not have to produce any of the data she generated in arriving at her opinion. The Court of Appeals affirmed.

The Court of Appeals quoted from *United States v. Owens*, 484 U. S. 554, 559 (108 SC 838, 98 LE2d 951) (1988) in *Eason v. State*, 194 Ga. App. at 679 as follows:

" '(T)he Confrontation Clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." ' [Cits.]" (Emphasis omitted.)

Cross-examination in Georgia is not limited by Federal statutes, cases, or United States Supreme Court opinions. Our cross-examination is controlled by our statute, OCGA § 24-9-64, which provides: "The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him."

To determine the breadth of our statute we must look to other

---

[1] Anything to the contrary in *Eason v. State*, 194 Ga. App. 678 (391 SE2d 427) (1990) or *Dye v. State*, 177 Ga. App. 813 (341 SE2d 469) (1986) is hereby overruled.

statutory and case law. We first note that the opinions of experts are admissible under OCGA § 24-9-67, and experts may be impeached, as any other witnesses, by disproving the facts to which they testified. OCGA § 24-9-82.

Over one hundred years ago, this Court held that it is the court's duty to allow a searching and skillful test of the witness' "intelligence, memory, accuracy and veracity[,]" *Harris v. Central Railroad*, 78 Ga. 525, 534 (3 SE 355) (1887), and that it is better for cross-examination to be "too free than too much restricted. . . ." Id. This Court has also held that effective cross-examination is a substantial right, essential to the proper administration of justice, which extends to all matters that are material to the controversy that are within the knowledge of the witness. *Frady v. State*, 212 Ga. 84, 85 (90 SE2d 664) (1955). Moreover, the Court of Appeals has held that a party who relies upon a witness' opinion may not withhold from the jury the facts that are relied upon in forming the opinion, *Barton v. State*, 81 Ga. App. 810, 812 (60 SE2d 173) (1950); *Jimmerson v. State*, 190 Ga. App. 759, 761 (380 SE2d 65) (1989). Furthermore, a jury is entitled to know all of the facts upon which the witness' opinion rests and the facts may be brought out on cross-examination. *Wyatt v. State*, 206 Ga. 613, 616 (57 SE2d 914) (1950); *State Highway Dept. v. Howard*, 119 Ga. App. 298, 303 (167 SE2d 177) (1969).

We recognize that scientific testing plays an important part in criminal investigations, and experts may testify about experiments and the details of the experiments performed. *Frank v. State*, 141 Ga. 243, 269 (80 SE 1016) (1913). As this writer stated in the dissent in *Law v. State*, 251 Ga. 525, 530 (307 SE2d 904) (1983):

> A basic principle of scientific testing is that careful records of test procedures and results are to be scrupulously maintained. A scientific test without an accompanying report of the testing environment, number of trials, raw results and analyzed data is in reality no test at all.

The cross-examiner must be able to examine the material that the expert relied upon to support her direct testimony; otherwise, a "thorough and sifting cross-examination," OCGA § 24-9-64, of the expert's "intelligence, memory, accuracy and veracity," *Harris v. Central Railroad*, supra, 78 Ga. at 534, and of her scientific testing and opinion is not possible. Therefore, we hold that the right of cross-examination in Georgia is controlled by OCGA § 24-9-64, and that the appellant has the right to subpoena certain material for the purpose of cross-examination. Those items which may be subpoenaed are limited to those memos, notes, graphs, computer print-outs, and other data the State Crime Lab chemist relied upon to support her testi-

mony and opinion during her direct examination.[2]
*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 9, 1990.

*Larsen & Larsen, William W. Larsen, Celia Larsen,* for appellant.

*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assistant District Attorney,* for appellee.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Terry L. Long,* amicus curiae.

---

[2] The expert testified on direct examination that four tests were conducted on the substance she was given. The tests were as follows: Scotts Thiocyanate color test, thin layer chromatography, gas chromatography, and infrared spectrophotometry. She also testified on direct examination that it was a culmination of the four analyses that allowed her to reach the conclusion that the material was cocaine. The defendant is allowed to subpoena only those notes, charts, graphs, etc., that were generated from the above tests that the expert described during her direct examination. This upholds the defendant's right to a thorough and sifting cross-examination and prevents unlimited access to the work product of the expert and any possible "fishing expeditions."