## A91A0555. JOHNSON v. THE STATE.
## A91A0557. VARNADOE v. THE STATE.
### (408 SE2d 133)

BANKE, Presiding Judge.

Pursuant to an agreement negotiated with the state's attorney, the appellants in these two companion cases each pled guilty to two counts of violating the Georgia Controlled Substances Act. It was agreed in each case that a fine would be imposed in an amount to be determined by the trial court and that the state would recommend a four-year sentence, to be served on probation. The trial court sentenced each appellant to two concurrent four-year terms, with the sentences to be probated upon payment of a $2,500 fine on Count 1 and a $1,000 fine on Count 2. The probation was also conditioned upon their payment of certain contributions, assessments, and probation fees and upon their performance of 300 hours of community service. The appellants contend on appeal that the trial court erred in imposing such a sentence without first conducting an inquiry and making a determination on their ability to pay the specified sums. *Held*:

Although the state contends that the fines were payable in installments over the four-year period of probation, no such language appears in the sentencing orders, which, by their terms, simply condition the appellants' probation upon payment of the specified sums. Nor did the trial court discuss the manner of payment during the sentencing hearing. Under these circumstances, it is unclear whether the payment of the fines was intended to be a condition precedent to the probation of the four-year sentences. It is well settled that the payment of a fine cannot be made a condition of probation without first conducting a hearing in accordance with *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983) to determine the defendant's ability to pay. See *Eason v. State*, 194 Ga. App. 678 (4) (391 SE2d 427) (1990), reversed on other grounds, 260 Ga. 445 (396 SE2d 492) (1990). See also *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984); *Gaither v. Inman*, 253 Ga. 484 (322 SE2d 242) (1984); *Day v. State*, 188 Ga. App. 648 (10) (374 SE2d 87) (1988). Compare *Ludden v. State*, 176 Ga. App. 109 (4) (335 SE2d 428) (1985). Accordingly, the appellants' sentences are vacated, and the cases are remanded with direction either that such a hearing be held or that the sentences be amended to clarify that the payment of the fines is not a condition precedent to the commencement of the probation.

*Judgment vacated with direction. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Carley, Pope and Cooper, JJ., concur. Beasley and Andrews, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the sentences show that the fines and other payments as well as community service and other behavioral directives were imposed as terms of the probation in that they were to be paid and followed during probation. The fines were not made conditions precedent to probation. Probation was not conditioned upon the fines first being paid. The sentence should be read to conform to the law, not the opposite.

This is reinforced by the sentencing hearing, wherein the court accepted the pleas as negotiated. Defendants are not now faced with the alternative of incarceration for non-payment of the fines in toto.

A *Bearden*[1] hearing is required only when the fine is made a condition precedent of probation or probation is about to be revoked for failure to pay the fine. *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984). Neither circumstance is present here.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED JUNE 24, 1991 —
RECONSIDERATION DENIED JULY 11, 1991 — 

*Larsen & Larsen, W. Washington Larsen, Jr.*, for appellants.
*James L. Wiggins, District Attorney*, for appellee.

---

[1] *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).