A91A0600. VOLCEY v. THE STATE.
A91A0601. PAUL v. THE STATE.
(410 SE2d 36)

COOPER, Judge.

Defendants Ouslet Volcey and Cenor Paul were jointly indicted on charges of trafficking in cocaine. Volcey was also indicted on two misdemeanor offenses of speeding and following too closely. They were tried before a jury and found guilty of all charges. Both defendants filed motions for new trial and appeal their convictions and the denial of their respective motions for new trial.

Trooper Bennett of the Georgia State Patrol was on regular patrol along I-95 in Glynn County, Georgia, when he clocked a car traveling north at 71 mph in excess of the 65 mph speed limit. He followed the car for a short distance and, utilizing a technique called "pacing," was able to determine that the car was still traveling in excess of the speed limit. He also noticed that the car was following another vehicle too closely. Trooper Bennett stopped the car which was occupied by three men and asked the driver, Volcey, to step out of the car. Paul, who was in the front passenger seat of the car, and Jean Nicolas, the passenger in the back seat, remained in the car. Volcey exited the car and spoke to Trooper Bennett. Trooper Bennett observed that Volcey was acting very nervous. Trooper Bennett then spoke briefly to Paul who was in the front passenger seat and noticed that Paul was also very nervous. Upon determining that there were some minor discrepancies between Volcey and Paul's statements regarding their travel agenda, Trooper Bennett called for back-up. While waiting for the back-up units to arrive, Trooper Bennett asked Volcey if he could search the car, and Volcey gave his consent. When the back-up arrived, Paul was asked to exit the car. Trooper Bennett then asked Nicolas to get out of the car, and as Nicolas got out of the car, he turned his back to Trooper Bennett and held his legs together

as though trying to stop something from falling out of his pants. Trooper Bennett patted down Nicolas for safety reasons and removed a package of suspected cocaine from Nicolas' pants. Trooper Bennett then asked Troopers Young and Bentley to search Paul and Volcey. Trooper Bentley searched Volcey and found a package of suspected crack cocaine around Volcey's groin area. Trooper Young frisked Paul, handcuffed him and put him in the back of the patrol car. Trooper Young became suspicious when he observed Paul moving around in the back of the patrol car. When he looked in the back of the patrol car he saw suspected cocaine on Paul's hand and found a bag of suspected cocaine partially down between the seats.

Paul testified that he left Miami on his way to North Carolina to see a friend; that he gave Volcey and Nicolas a ride, and along the way allowed Volcey to drive; that after the stop was made, one of the troopers searched him before placing him in the patrol car; that no contraband was found on his person; that he was handcuffed and placed in the patrol car; that no contraband was found in the patrol car; that he was taken to the sheriff's department; that approximately 20 minutes later the trooper came in with three bags and placed Paul's name on one of the bags.

1. Defendants enumerate the general grounds. Volcey contends that the evidence is confusing regarding which bag of cocaine was taken from his person; therefore, no rational trier of fact could have found him guilty beyond a reasonable doubt. The testimony from the three troopers revealed that one package of contraband was taken from each of the three passengers occupying the car. The packages were identified at trial as Exhibits 1, 2, and 3. While there was some confusion about which package of cocaine was taken from Volcey, Trooper Bennett stated unequivocally on direct examination that the package of cocaine identified as Exhibit 2 was the one he took from Volcey. Notwithstanding any confusion that may have existed, the State's expert testified as to the content of each package of cocaine, and his testimony established that each package met the requisite weight and purity under OCGA § 16-13-31. Accordingly, the evidence was sufficient for a rational trier of fact to find Volcey guilty of trafficking in cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Paul's contention that there is no evidence in the record that cocaine was found on his person is without merit. Trooper Young testified that he frisked Paul, handcuffed him and put him in the patrol car, and that the contraband was subsequently found partially behind the seat where Paul had been placed. Trooper Young also observed suspected cocaine on Paul's hand and on the seat. Although the prosecutor inadvertently referred to Paul as "Volcey" in a question to Trooper Young about what he did after handcuffing Paul, it is clear

from the record that Trooper Young was at all times in control of Paul and that Paul was the only one in the patrol car where the contraband was found. The evidence was sufficient for a rational trier of fact to find Paul guilty of trafficking in cocaine beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Defendants contend that the trial court erred in allowing a State's witness to testify regarding the street value of the cocaine found on defendants. The witness, a forensic chemist with the Georgia Bureau of Investigation, testified about the tests he performed on the cocaine, the purity of the cocaine and its wholesale and retail values. Defendants contend that because the witness had never purchased cocaine, he was not qualified to testify about value and also that the testimony regarding value was irrelevant and prejudicial. " '[An expert's] special knowledge may be derived from experience as well as study.' [Cits.]" *Brown v. State*, 245 Ga. 588 (1) (266 SE2d 198) (1980). The witness testified that in approximately ten percent of the cases he handles, he is asked to determine value and that he is able to determine value based on his experience in dealing with undercover narcotics agents who make purchases in the field and require a receipt for the evidence. The trial judge qualified the witness as an expert in the area of forensic chemistry and also as an expert as to the value of the alleged cocaine he tested. "It is within the trial court's discretion whether or not a witness is entitled to be designated as an expert. [Cit.]" *Braggs v. State*, 189 Ga. App. 275, 276 (2) (375 SE2d 464) (1988). We find no abuse of discretion in the trial court's qualification of the witness as an expert in the area of value of cocaine. The record reflects that following the trial court's qualification of the witness as an expert, both defendants' attorneys objected to the value portion of the court's ruling. However, neither attorney objected on relevancy, or any other grounds, when the witness testified as to the wholesale and retail values of the cocaine. " '(W)here the objection argued below is not argued here it is abandoned and where an entirely different objection is presented on appeal, we cannot consider it because this is a court for review and correction of error committed in the trial court.' [Cit.]" *Hagger v. State*, 179 Ga. App. 16 (2) (345 SE2d 118) (1986). Even if we consider defendants' objection following the qualification of the witness to be an objection on relevancy grounds, " 'an objection to the admission of evidence on the sole ground that it is "irrelevant" is insufficient to show error requiring reversal. (Cits.)' [Cit.]" *Daniels v. State*, 183 Ga. App. 222 (1), 223 (358 SE2d 637) (1987).

3. Defendants enumerate as error the trial court's charge that "[t]he defendant in either event will be presumed to have acted with criminal intent but you may find such intention or the absence thereof upon the consideration of words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused

is being prosecuted." Although the first portion of the charge clearly constitutes error, "[t]he general rule is that '[a] mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury' is not reversible error. [Cit.]" *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981). Reviewing the charge in its entirety reveals numerous instances where the trial court charged the jury correctly on burden of proof, the guilt-innocence issue, the defendant's presumption of innocence, and the necessity that all elements of a crime be proved by the state beyond a reasonable doubt. Since the charge as a whole adequately informed the jury, we will not reverse based on what was an obvious slip of the tongue. See *Whitt v. State*, 257 Ga. 8 (3) (354 SE2d 116) (1987).

4. The remaining enumerations of error are raised only by defendant Paul and relate to the trial court's refusal to charge his requested charges on presumption of innocence, two theories, mere presence, and equal access. Defendant also contends that the trial court erred in not charging, in the absence of a request, that there is a rebuttable presumption that all items found in a vehicle belong to the driver. All of the charges raised in defendant's enumerations of error were either adequately covered by the trial court's charge or not adjusted to the facts of the case, and we find no error in the trial judge's refusal to give defendant's charges. See *Johnson v. State*, 195 Ga. App. 601 (2) (394 SE2d 591) (1990); *Asberry v. State*, 193 Ga. App. 711 (1) (389 SE2d 18) (1989).

*Judgments affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 AND RECONSIDERATION
DISMISSED AUGUST 14, 1991.

*O. Dale Jenkins*, for appellant (case no. A91A0600).
*Neil L. Heimanson*, for appellant (case no. A91A0601).
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.