A94A2800. EASON v. THE STATE.
(451 SE2d 820)

BLACKBURN, Judge.

James Eason appeals his conviction by a jury of one count of child molestation and one count of sodomy.

1. Eason contends the trial court erred in refusing to allow him to introduce testimony regarding the victim's accusations of molestation performed by another individual on a prior occasion. Eason sought to introduce such testimony to impeach the victim's credibility by show-

ing that there was a reasonable probability that the prior accusation was false.

"In *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989), the Supreme Court held that the rape-shield law [did] not prohibit evidence of prior *false* allegations of sexual misconduct made by the victim against men other than the defendant. However, before such evidence may be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists." *Allen v. State*, 210 Ga. App. 447, 448 (436 SE2d 559) (1993). See also *Strickland v. State*, 205 Ga. App. 473 (422 SE2d 312) (1992).

In the present case, during the hearing on the admissibility of the victim's prior accusations, the victim testified that a neighbor boy about 15 or 16 years of age touched her vaginal area through her clothes. Eason also introduced the testimony of the victim's mother and the investigating police officer in an attempt to show a reasonable probability that the prior allegations were false. However, the falsity of the report was supported only by a lack of physical evidence that the molestation occurred. Eason did not produce the alleged molester to testify as to his involvement with the victim; therefore, the victim's unrecanted accusation was not rebutted. The trial court determined that Eason failed to make a sufficient showing of falsity. We find that this determination was supported by evidence and, therefore, will not be overturned on appeal.

2. Eason enumerates as error the trial court's refusal to allow him an in-camera hearing to determine whether proffered testimony concerning the victim's past sexual behavior was admissible for the purpose of impeaching the victim's credibility. However, the trial court did allow Eason's counsel to state in his place the substance of the testimony Eason sought to introduce. Furthermore, "[i]n a child molestation case evidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex." (Citations and punctuation omitted.) *Woods v. State*, 187 Ga. App. 105 (1) (369 SE2d 353) (1988).

3. During the pre-sentencing hearing, the State requested that the trial court consider Eason's 1983 conviction for a drug offense and 1985 conviction for driving under the influence. OCGA § 17-10-2 (a) allows the trial court to consider "only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial." On appeal, Eason contends that the State failed to provide him with the required notice prior to introducing his record of criminal convictions. The State argues Eason waived any error by his failure to object at trial.

The Georgia Supreme Court has previously held that the failure

to follow the mandates of OCGA § 17-10-2 (a) cannot be waived by the failure of the parties to object. *Sinkfield v. State,* 262 Ga. 239 (1) (416 SE2d 288) (1992). "All the statute requires is clear notice to an accused of all previous convictions that the state intends to introduce at trial, so as to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." (Citations and punctuation omitted.) *Bass v. State,* 208 Ga. App. 859, 860 (432 SE2d 602) (1993).

The State's failure to provide Eason with notice requires that Eason's sentence be vacated and that the case be remanded for resentencing in compliance with OCGA § 17-10-2 (d). *Sinkfield,* supra at 240.

4. The trial court improperly considered evidence of any convictions for which Eason was not provided with notice prior to trial pursuant to OCGA § 17-10-2 (a). See Division 3. Therefore, we need not address whether the trial court properly considered Eason's first offender record in aggravation of punishment as this prior conviction was improperly considered.

5. Eason contends the trial court erred by imposing a $5,000 fine as a condition of probation in addition to incarceration. OCGA § 17-10-8 allows the judge to impose a fine in any case where probation is authorized and the fine is imposed as a condition of an actual sentence of probation. In the present case, Eason was sentenced to twenty years on each count, was required to serve eight years in prison with the remainder to be served on probation, and required to pay $5,000. As the trial court did award probation, a fine was authorized. See *Eason v. State,* 194 Ga. App. 678 (4) (391 SE2d 427) reversed on other grounds, 260 Ga. 445 (396 SE2d 492) (1990). Eason's citations are distinguishable in that probation was not awarded therein. See *Wood v. State,* 204 Ga. App. 467 (419 SE2d 534) (1992); *Hendrix v. State,* 199 Ga. App. 599 (405 SE2d 576) (1991); *Young v. State,* 163 Ga. App. 507 (295 SE2d 175) (1982).

6. Eason contends the trial court erred in imposing the fine without first determining his ability to pay. We agree. See *Eason,* supra. Upon remand, the trial court is instructed to conduct a hearing in accordance with *Bearden v. Georgia,* 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983). See *Gaither v. Inman,* 253 Ga. 484 (322 SE2d 242) (1984).

7. In his seventh enumeration of error, Eason contends the trial court erred in allowing the State to introduce a victim impact statement without providing him with a copy within a reasonable amount of time prior to sentencing as required by OCGA § 17-10-1.1 (e). However, subsection (g) of OCGA § 17-10-1.1 provides that "[n]o

sentence shall be invalidated because of failure to comply with the provisions of this Code section." Furthermore, this enumeration is rendered moot in light of our disposition above.

8. In his last enumeration of error, Eason contends the evidence was insufficient to support his conviction. The victim testified that Eason fondled her breasts, exposed his sex organ, and performed an act of oral sex on her. Eason testified in his own defense and denied that he performed the acts alleged.

"It is also well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited." (Citation and punctuation omitted.) *Clay v. State* 214 Ga. App. 160, 161 (447 SE2d 156) (1994). Having viewed the evidence in the light most favorable to the jury verdict, we find it sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment of conviction affirmed. Sentence reversed and remanded with direction. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 2, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 — 

*Burkhalter & Stephens, Terri B. Stephens,* for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.